## J. D. CLARKSON v. LEE HIBLER.

REVIEW—*Evidence to Sustain Verdict.* Where no exceptions were taken
to the introduction of evidence or to the instructions, the judgment
of the trial court will not be set aside if there was any evidence to
sustain the verdict and judgment.

THE opinion states the facts. Judgment for defendant,
*Hibler,* at the April term, 1885, of the district court of Chero-

kee county. The plaintiff, *Clarkson,* brings the case to this court.

*Cowley & Wiswell,* for plaintiff in error.
*Ritter & Skidmore,* for defendant in error.

*Per Curiam:* J. D. Clarkson brought this action against Lee Hibler to recover the possession of one Aultman & Taylor traction engine, of the value of seven hundred and fifty dollars, and one truck wagon of the value of fifty dollars. He alleged a special ownership therein by virtue of a chattel mortgage, executed by the defendant on September 27, 1883. The mortgage contained the following clause:

"If said mortgagee, his successors or assigns, or authorized agents, *shall deem themselves insecure,* then and from thenceforth it shall and may be lawful for the said mortgagee, or successors, assigns, or authorized agents, to enter, without liability for real or supposed damages, upon the premises of said mortgagor, or any place or places where said goods and chattels, or any part thereof, may be, or supposed to be, and take immediate possession thereof, and remove the same to any place or places they may deem best."

The defendant filed his answer admitting the execution of the chattel mortgage, but denying the other allegations contained in the petition. Trial had before the court with a jury. The jury returned a verdict in favor of the defendant. Subsequently a motion for a new trial was filed, and overruled. Thereafter judgment was entered upon the verdict. The plaintiff excepted, and brings the case here.

The court charged the jury, among other instructions, as follows:

"The law presumes that this plaintiff, when he said he deemed himself insecure, told the truth, and that his sayings are to control unless the circumstances and his acts and doings overcome his sayings. It does not make any difference whether the ground of his insecurity was reasonable, but whether as a matter of fact he deemed himself insecure. On the part of the defendant it is contended he did not deem himself insecure at all; that he took up this engine because he had agreed to

do so with other parties; if they would buy one he would take this one, and that was the motive which actuated him. But I say to you the sayings of the plaintiff that he did deem himself insecure are to control unless the circumstances of the case, his acts and doings, overcome his sayings. If he did as a matter of fact deem himself insecure, you are not to say whether in reason he had a right to do so or not. He is to be sole judge of that, whatever his motive of insecurity might be. If he acted in good faith in his own mind, he was to be protected therein; and I say to you the law presumes he did act in good faith, until the contrary is made to appear from the evidence under the rules of law herein given you."

No exceptions were taken to the introduction of evidence, or to any of the instructions. At least the briefs do not refer to the pages of the record where any exceptions to evidence or instructions can be found. We affirm to the fullest extent *Werner v. Bergman*, 28 Kas. 60. But, after reading the entire record, we cannot say that there was no evidence before the jury to sustain the verdict and judgment.

"A verdict, being based upon conflicting testimony and coming with the indorsement of the trial court, cannot be set aside by the supreme court, although the testimony may seem to that court to preponderate against the verdict." (*Higginbotham v. Fair*, 36 Kas. 742.)

"Where only a general finding is returned by a jury upon disputed testimony, it must be treated as a finding of everything necessary to sustain the general one; and if such finding has received the sanction of the trial court, it cannot be disturbed here." (*Elerick v. Braden*, 38 Kas. 83, and cases therein cited.)

The judgment of the district court will be affirmed.