THE STATE OF KANSAS v. JACOB GREENBURG.

No. 10882.

1. CROSS-EXAMINATION—*for purpose of affecting credibility, permissible as to specific collateral facts tending to disgrace or degrade.* For the purpose of judging the character and credit of a witness, he may be cross-examined as to specific facts tending to disgrace or degrade him, although collateral to the main issue and touching on matters of record. (Doster, C. J., dissenting to the application to the facts.)

2. —— *but only where honestly for this purpose and may further justice.* Such an inquiry is only allowed where it is made for the purpose of honestly discrediting the witness and there is reason to believe that it will tend to the ends of justice.

3. EXCEPTION NECESSARY—*to reversal for admission of incompetent evidence.* Ordinarily, the admission of incompetent testimony is not ground for reversal unless objection is made thereto and an exception taken to the ruling thereon.

4. TESTIMONY OF ACCOMPLICE—*instruction held to be correct statement of rule as to.* In charging the jury as to the testimony of an accomplice the court said: "The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury; but great caution should be used in weighing such testimony, and the jury should not convict upon the testimony of an accomplice alone, unless his testimony is corroborated by other evidence in some material point in issue; but such corroboration need not be as to

everything to which the accomplice testified." *Held*, to be a correct statement of the rule applicable in such cases.

5. EVIDENCE EXAMINED—*and held sufficient.* The testimony examined and held to be sufficient to sustain the conviction for feloniously receiving stolen goods, knowing them to have been stolen.

Appeal from Bourbon District Court. Walter L. Simons, Judge. Opinion filed May 7, 1898. *Affirmed.*

*J. I. Sheppard*, County Attorney, for the State.

*W. R. Biddle* and *Perry & Crain*, for appellant.

JOHNSTON, J. Jacob Greenburg was convicted in the District Court of Bourbon County of feloniously receiving stolen goods, knowing them to have been stolen. The punishment imposed was imprisonment in the State Penitentiary for a period of two and one-half years. Upon this appeal he complains :

I. Of rulings made in the admission of testimony. The county attorney was a witness for the State and gave considerable testimony in narrative form, some of which may have been open to objection, but no objection thereto was made nor was any exception saved. Meyer Berkson, who testified in behalf of the defendant, was cross-examined as to his past life and conduct, with a view of impairing his credit, and, after he had stated that he had been under arrest, he was asked what he had been arrested for, when an objection was made that the record was the best evidence, and further that it was only a civil arrest. No other or more specific objection was made. The defendant went upon the witness-stand and testified in his own behalf. He stated in answer to an inquiry, without objection, that he had previously been under arrest in Fort Scott. When asked the cause for his arrest an objection was made that it was a civil arrest and that his testimony was not the best evidence of it. These were the only objections made, and in both instances

they were overruled. Each of the witnesses testified that he had been arrested several times upon charges of fraud.

Granting that the objections were sufficient to raise the question, the testimony was permissible under the rule which has long been recognized in this State. For the purpose of judging the character and credit of a witness, he may be cross-examined as to specific facts tending to disgrace or degrade him, although collateral to the main issue and touching on matters of record. Such questions are allowed when there is reason to believe that allowing them will tend to the ends of justice and they are asked for the purpose of honestly discrediting the witness. It is the duty of the court to see that the rule is not abused or the cross-examination unreasonably extended. When the defendant became a witness in his own behalf he took the hazard of such questions, and could be subjected to the same tests and be discredited in the same way as any other witness. *The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406; *The State v. Probasco*, 46 id. 310, 26 Pac. 749; *The State v. Wells*, 54 id. 161, 37 Pac. 1005; *The State v. Park*, 57 id. 431, 46 Pac. 713; *Hanoff v. The State*, 37 Ohio St. 178; *Brandon v. The People*, 42 N. Y. 265. See, also, the authorities referred to in the cited cases.

*1, 2. Cross-examination tending to disgrace permissible, when.*

Our attention is called to an objection made to a question propounded to the witness Crain, but no ground of objection was stated, and the ruling thereon cannot be relied on as ground for reversal.

*3. Exception necessary.*

II. It is further contended that the conviction is not sustained by sufficient evidence. The defendant and Berkson were merchants, and carried a stock of clothing and gentlemen's furnishing goods. They claimed to have purchased from J. M. Freeman a quantity of

ready-made clothing for men and boys and quite a number of boots and shoes. That the clothing and boots and shoes were stolen is not denied, and that Freeman was a party to the theft appears to be conceded. Greenburg and Berkson were not conducting a second-hand store, and yet they purchased these goods from Freeman, whose occupation was the running of what is designated as a "joint," in which intoxicating liquors were unlawfully sold, and also a pawn shop. A portion of the goods was delivered to them at their back door, in a gunny-sack, and a portion was carried there in barrels. Freeman was the principal witness against the defendant, and his testimony tends to show that the defendant knew 4. Testimony of accomplice. that the goods were not honestly obtained. It is urged that, as Freeman was an accomplice, a conviction should not be allowed to rest upon his testimony alone; and it is urged that there is no testimony which corroborates that of Freeman. The rule in such a case was fairly stated by the trial court in charging the jury: "The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury; but great caution should be used in weighing such testimony, and the jury should not convict upon the testimony of an accomplice alone, unless his testimony is corroborated by other evidence in some material point in issue; but such corroboration need not be as to everything to which the accomplice testified." See *The State v. Adams*, 20 Kan. 311.

It cannot be said that the testimony of Freeman was without corroboration. The witnesses Slater and Stroud gave material testimony in corroboration of that given by Freeman, and some of the circumstances tended strongly to sustain Freeman's testimony. The man from whom and the manner in

which the goods were obtained were certainly considered by the jury in determining the issue. As counsel for the State has said, it is not easy to understand why he would receive a stock of clothing at his back door, in a gunny-sack, and shoes nailed up in barrels. We have no doubt that the testimony is sufficient to uphold the verdict of the jury.

III. Complaint is made of the conduct of the county attorney in addressing the jury, but while some of his remarks were not within the limits of propriety and good taste, we do not think that they are of such a character as would justify the overturning of the verdict. There was some provocation for the objectionable language used by the county attorney, and when objection was made to the language the court cautioned the county attorney and promptly advised the jury to disregard the objectionable statements. Although complaint is now made of other language, no other objection was made by the defendant, nor did he call the attention of the court in any way to the so-called misconduct. Under all the circumstances, we think there was no such misconduct as requires the court to grant a new trial. *The State v. McCool*, 34 Kan. 613.

IV. There is nothing substantial in the objections made to the jury, nor to the rulings upon the instructions; and, as we find no errors in the record, the judgment of the District Court will be affirmed.

DOSTER, C. J. (dissenting). I dissent from the application of the first syllabus to the facts of this case. It may be that the objections to the questions asked the defendant and his witness, Berkson, as to their arrest upon former charges were not sufficiently specific. It may be that the objection that the arrests were in civil cases and that the record was the best evi-

dence, were not the ones to make, and that the objections should have been to the materiality and relevancy of the inquiries or that they were not proper cross-examination. They are treated, however, in the foregoing opinion, as raising the question whether, for the purpose of judging of the character and credit·of a witness, he may be asked if he had been formerly arrested. I have positive convictions that he cannot be so asked.

An arrest is nothing more than an accusation of crime or other act of turpitude: That it is made in the form of a forcible restraint of the person, based upon a sworn complaint, makes it, for purposes of disgrace or discredit, no stronger evidence of the truth of the accusation than an oral statement by the accuser would be. No one would contend that a witness could be asked whether another person had not orally accused him of crime. Why should the rule be different when the accusation has been written out and sworn to? It is but an accusation in each case. Why should it be different when the sworn accusation is followed by an arrest? The arrest is but a reassertion of the accusation in another form. It is quite different, however, when the accusation has been proved. When the proceeding has passed from accusation to conviction, evidence of the turpitude of the witness exists ; — not what somebody said of him, but what the judicial tribunals sitting in judgment upon the accusation have found against him. He may be asked whether he has been convicted of crime, but he ought not to be asked whether he has been accused of crime. Conviction is evidence of his baseness. Accusation only an insinuation against his character. Three of the four former decisions of this court cited in the foregoing opinion of the majority were cases in which the admissibility of convictions, not accusations, was

upheld. In the other one the witness was asked as to the *fact* of his commission of an offense. That, of course, was equally permissible as a question relating to conviction would be. There has been, therefore, up to this time, no rule upon the subject in this State; and in my judgment there are no well considered decisions in other states sustaining the majority opinion in this case.