# JANUARY TERM, 1921.

### PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST, ⎬ JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 22,697.

THE STATE OF KANSAS, *Appellee*, v. GERALD BOWERS et al.
(ED DAVIS, *Appellant*).

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Burglary — Insufficient Evidence to Convict.* In a prosecution the defendant and three others were jointly charged with breaking into a garage and stealing therefrom automobile casings, and the defendant who was awarded a separate trial was convicted of burglary and larceny: *Held,* that the evidence is insufficient to sustain the charge of burglary or to show that he had any connection with the transaction until after the burglary had been completed.

2. SAME—*Larceny—Sufficient Evidence to Convict.* As to the larceny there is testimony sufficient to support the judgment that the defendant aided and abetted in the commission of that offense.

3. SAME—*Defendants Jointly Charged—Separate Trial—Competent Evidence.* As the defendant and others were jointly charged with the commission of the offense and proof was offered tending to show that he aided and abetted the others in committing the crime, evidence of the guilt of the others and of their conviction was admissible.

4. SAME—*Cross-examination of Defendant as to His Past Life and Conduct Permissible.* While evidence of other and disconnected crimes may not be shown to establish the offense for which a defendant is on trial, the defendant, if he takes the stand and assumes the character of a witness, may be cross-examined to a reasonable extent within the discretion of the court as to his past life and conduct and as to any specific facts tending to disgrace or degrade him, not to prove the offense charged, but with a view of affecting his veracity and credibility.

5. SAME. To that end and within reasonable limits he may be asked about misconduct and frequent arrests for offenses of which he was not convicted.

11—108 KAN.

6. SAME—*Remarks of Court.* A remark made by the court in the course of the trial is held not to be prejudicial error.

7. SAME—*Instructions.* Objections to instructions given are held to be without merit.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed January 8, 1921. Affirmed in part and reversed in part.

*John W. Clark, George K. Melvin,* and *R. E. Melvin,* all of Lawrence, for the appellant.

*Richard J. Hopkins,* attorney-general, and *J. B. Wilson,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an information Gerald Bowers, Dave Rice, William Hugo Neely and Ed Davis, were jointly charged in a single count with committing burglary and grand larceny. Neely entered a plea of guilty, and Bowers and Rice were tried jointly and found guilty. Davis demanded and was awarded a separate trial which resulted in a conviction of both burglary and grand larceny. From this conviction he appeals.

The principal contention is that the evidence in the case did not warrant the conviction, and that the court erred in overruling defendant's motion made at the close of the evidence of the state to discharge him. Because of the death of the official stenographer who took the testimony, and the inability of the defendant to get anyone who could read or render his notes, a brief statement of the evidence and proceedings was made by the trial court, and from this the errors assigned must be determined. It appears that about midnight, Bowers, Rice and Neely broke into a garage and stole therefrom auto casings of the value of $400. They carried them several blocks to a hiding place and then went to the home of the defendant, Davis, who carried on a jitney business, called him from his bed and asked him to take his car and carry certain casings they had won in a crap game to a place of safety, stating that they were afraid the person from whom they won them might try to reclaim them. He undertook the task and when they reached the hiding place the parties who stole them carried the casings from

the hiding place to the auto.   Neely who was a witness for the state testified that while they were loading the tires into the car he stated in the presence of defendant that they had broken into the garage and stolen the casings, but defendant testified that he did not hear the statement, and Neely said that he did not know that Davis heard the statement as he was five or six feet away from Neely and all of them were talking at the time. The defendant then drove with them to a ravine outside of the city limits, and while defendant sat in his car they hid them in a clump of trees and weeds in the ravine.   There was testimony, too, that six of the casings being for Ford cars were brought back in defendant's car and sold by the others to defendant for three dollars each while the reasonable market value of such tires was eighteen dollars each, and it was admitted that the defendant owned a Ford car.   Defendant denied that he purchased the tires and stated that the others placed the tires in his garage saying that they would return and get them.   About two days later the same parties called on Davis and after some conversation with him he directed his hired man to go with them and haul the casings for them, but when they arrived at the hiding place officers of the law who were lying in wait succeeded in arresting one of the parties, and the others, including the defendant, were arrested the following day.

The defendant claimed that he had no knowledge of the breaking into the garage nor of the stealing of the casings, and when employed by the other parties had no knowledge of where he was going, but simply drove where he was directed and stopped his car at the place where he was told to stop. Neely was a witness against the defendant and he testified that the defendant did not remain in the car while the others took the tires to the hiding place, but that he worked with the parties in examining the casings, picking out Ford tires, and separating them from the others.   The contention of the defendant, that the evidence does not support the conviction of burglary, must be sustained.   The testimony affirmatively shows that the defendant was not present at the breaking into the garage from which the casings were stolen, and the record does not show that he conspired with those who broke into the building, or that he had any knowledge or connection with the

criminal operations of the parties until the burglary had been completed. It appears that his first connection with the transaction was when he was called from his bed about midnight and asked to haul the stolen casings from the place where they had been concealed to another hiding place outside of the city limits. The conviction for the burglary must therefore be set aside.

A separate penalty was adjudged for the larceny and it is urged that there is a like lack of support for the conviction upon that charge. His act in hauling the casings from one hiding place to another, the placing of them after midnight in a ravine in the country, his purchase of a part of the casings from the thieves at a nominal price, and the depositing of those purchased in his garage strongly tend to support the charge of larceny. Guilty knowledge of the defendant of course must be shown, but the train of facts and circumstances which have been mentioned leads to the inference that he knew the property had been stolen and that he was aiding in its concealment. He explained that he had been told by the thieves that the casings had been won in a crap game, and that he innocently acted in transferring them without any knowledge of the crime. It is not surprising that the jury did not believe or accept his explanation. A man of ordinary intelligence must have known that the property which he was carrying from one hiding place to another in the nighttime had not been honestly acquired, and the part that he took in the transaction was strongly indicative of his guilt. As the trial court advised the jury, one who aids or abets another in the commission of a crime is as guilty as the principal and may be charged, tried and convicted in the same manner as if he were a principal. The inference is warranted that with knowledge of the larceny he aided and abetted the principals in the completion of the offense. There was participation on his part in the transportation and misappropriation of the casings with the manifest intent of depriving the owner of his property. We conclude that the evidence supports the conviction of larceny.

There is a contention that the judgment should be reversed because the court admitted evidence of the guilt of Bowers and Rice in the same manner as though they were on trial with the defendant. Those parties were jointly charged with defendant

and were the principals in the stealing of the property. It was necessary for the prosecution to show that the crime had been committed in order to establish the fact that defendant aided and abetted them in the commission of the crime. The guilt of Bowers and Rice was not admitted by the defendant, and it was not error to show their guilt and that it was followed by a conviction.

Another ground of error assigned is that the state was permitted to show that on two or three other occasions the defendant had been arrested for offenses and had been tried for other crimes of which he had not been convicted; also, that one of his cars had been taken under the law which authorizes the confiscation of property used for the illegal transportation of intoxicating liquors. As to this it was admitted that when the car was seized the defendant had a large load of intoxicating liquors in it. It is well settled that evidence of other distinct and disconnected crimes may not be shown to establish the one for which the defendant is on trial. (*The State v. Kirby,* 62 Kan. 436, 63 Pac. 752.) All relevant facts and circumstances tending to establish any element of the offense charged may be shown even if they should tend to prove another offense, and where offenses are so related that proof of one cannot be made without showing the other, it may be received. There was no causal relation or connection of any kind between the offense charged and the other offenses and misconduct about which inquiry was made. The general rule is that evidence of another offense wholly unassociated with the one charged must be excluded. (*The State v. Reed,* 53 Kan. 767, 37 Pac. 174; *The State v. Wheeler,* 89 Kan. 160, 130 Pac. 656). However, as the record is presented it appears that the matters in question were brought out upon the cross-examination of the defendant. The inquiry was evidently made not for the purpose of proving his guilt of the offense charged but with a view of affecting his veracity and credibility as a witness. It has been held that when a defendant takes the stand and assumes the character of a witness he is subject to the same tests as other witnesses, and for the purpose of impairing his credibility he may be cross-examined as to his past life and conduct and as to any specific facts tending to disgrace or degrade him, although they are irrelevant to the commission of the offense charged. (*The*

*State v. Pfefferle,* 36 Kan. 90, 12 Pac. 406.)    The extent of such inquiry rests in the sound discretion of the trial court.    It is said that this discretion was abused, in that inquiry was made regarding offenses of which he was not convicted.    Authorities are cited in the Pfefferle case upholding an inquiry as to whether the defendant was not under an indictment for murder in the same court.    (*Wroe v. The State,* 20 Ohio St. 460).    Another was asked the question if he had not been indicted for assault with intent to kill, and if he had not frequently been arrested on charges of assault and battery, and these questions were held to be admissible.    (*Hanoff v. The State,* 37 Ohio St. 178.)    In another case the question "Have you ever been arrested for theft?" was allowed and the ruling approved. (*Brandon v. The People,* 42 N. Y. 265.)    The testimony in question is within the rule of the authorities and it cannot be said that the court abused its discretion in receiving it.   (See, also, *The State v. Wells,* 54 Kan. 161, 37 Pac. 1005; *The State v. Park,* 57 Kan. 431, 46 Pac. 713; *The State v. Buffington,* 71 Kan. 804, 81 Pac. 465; *The State v. Greenburg,* 59 Kan. 404, 53 Pac. 61; *The State v. Killion,* 95 Kan. 371, 148 Pac. 643.)

Complaint is also made of a remark made by the court when the arguments of counsel were concluded.    In his argument counsel for the defendant said:

"This man Neely admits his guilt and he comes here and undertakes to testify against the defendant, Davis.   You gentlemen know the reason why he so testifies.   He has been promised something by somebody.   In less than three weeks this man Neely will be walking the streets of Kansas City a free man."

At the end of the argument the court responded by saying:

"I think in view of a statement made by counsel for the defense to this jury, I ought to say in self-defense, if for no other reason, that this jury has already been advised that Neely has entered a plea of guilty and that if he walks the streets of Kansas City a free man within the next few weeks, or months, he will get his freedom not from this bench but from the Governor of this state or some other source."

As stated by the court, Neely had entered a plea of guilty and of his guilt there was no question, and whether he was granted a pardon or parole was of no consequence to the defendant.    An objection if made, might well have been sustained to the remarks of counsel, but there was no necessity for the court to say anything in vindication of the bench.    It is mani-

fest that there was nothing in the remark made by the court to prejudice the defendant.

Several of the instructions given to the jury are criticized, but nothing substantial is found in any of the objections made.

That part of the judgment determining that the defendant was guilty of burglary is reversed and set aside; while the other part of it, adjudging him to be guilty of larceny and imposing punishment for that offense, is affirmed.