No. 25,960.

ANNA SNYDER, *Appellee,* v. JESSIE RANKIN et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. WILLS—*Capacity to Make—Evidence.* There was evidence sufficient to support the findings of the trial court.

2. APPEAL AND ERROR—*Review—Necessity of Objection to Evidence.* Objection should be made to incompetent evidence when it is admitted if its admission is to be relied on to secure the reversal of the judgment.

Appeal from Osborne district court; WILLIAM R. MITCHELL, judge. Opinion filed February 6, 1926. Affirmed.

*Silas Porter,* of Topeka, and *N. C. Else,* of Osborne, for the appellants.
*David G. Fink* and *H. McCaslin,* both of Osborne, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to set aside the will of Jessie Parmalee on the ground of undue influence and of unsoundness of mind. The issue of undue influence was eliminated on the trial and is not now before the court. The trial court found:

"That at the time of the execution of the will involved herein, said Jessie Parmalee, deceased, was not of sound and disposing mind and memory, was mentally unsound and was mentally incapacitated for performing a testamentary act; that, at the time of the attempted execution of said will, said Jessie Parmalee was afflicted with loss of memory, and was incapacitated mentally to such an extent that she was unable and lacked the ability to recall her property or to understand the nature of the act she was then attempting to perform; that, by reason of the mental incapacity of said Jessie Parmalee at the time of the attempted execution of the said will, said will is void and ineffective as a testamentary disposition of property and that said will should be canceled, set aside and held for naught."

Judgment was rendered in favor of the plaintiff, and the defendants appeal.

Appeal and Error, 3 C. J. pp. 808 n. 91, 816 n. 19; 2 R. C. L. 91. Wills, 40 Cyc. pp. 1004 n. 3, 1023 n. 29.

1. The principal question presented by the defendants is the sufficiency of the evidence to support the findings and judgment of the court. There was evidence which tended to prove that at the time Jessie Parmalee executed her will she was, forgetful; that she could not remember the names of her friends; that she could not remember what property she owned; that she was unable to converse intelligently; and that her mind was so weak that she was unable to transact business. That was sufficient to justify the findings of the court, and those findings compelled the judgment that was rendered.

2. It is argued that incompetent evidence was introduced to show that Jessie Parmalee was mentally incapacitated. It does not appear from the abstract that any objection was made to the introduction of that evidence. It was necessary to object to its introduction if error in its admission be relied on to secure a reversal of the judgment. (*Higginbotham v. Fair*, 36 Kan. 742, 14 Pac. 267; *State v. Greenburg*, 59 Kan. 404, 53 Pac. 61.)

The judgment is affirmed.