ROSEN v. SEGRETTO

---

(October 31, 1927. Opinion and Decree.)
(November 14, 1927. Rehearing Refused.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Evidence—Par. 343, 349.**
Courts are not disposed to emphasize the effect of an indictment and arrest upon the credibility of a witness, be-cause the fact of arrest and indictment is not inconsistent with innocence. Nevertheless, where plaintiff charges his employee with embezzlement, it is sufficient to indicate confusion in an account between plaintiff and his employee, without necessarily involving moral turpitude. Consequently when defendant, sued on an open account, claims to have discharged a part of his admitted indebtedness to plaintiff, by arrangement with plaintiff's employee, and his claim is denied by such employee, and not otherwise repudiated, it will prevail against the denial of the accused employee.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by Frank Rosen against Joseph Segretto.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

L. A. Maloney, of New Orleans, attorney for plaintiff, appellee.

J. C. McGee, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit for $209.00 as a balance due, together with interest and attorney's fees, on a contract of sale of three rings. The contract sued on bears date of March 30th, 1926, and relates to 1 Dinner Ring—Chex—$125.00, 1 Onyx Ring $25.00, 1 Dinner Ring—Cvex—$100.00, a total of $250.00, of which $10.00 was acknowledged to have been paid as a "deposit" and the remainder it is stipulated is to be paid in weekly installments of $5.00 each.

Defendant admits his signature to the contract but claims to have returned the two dinner rings and to have retained the onyx ring for which he says he overpaid

by sixteen dollars in the mistaken belief that the purchase price was $45.00 instead of $25.00 as stated in the contract. He reconvenes and claims $16.00.

Plaintiff was represented in the transaction by a salesman by the name of Solomon Walters. Walters denies that the dinner rings were returned and when confronted with a receipt by counsel for two diamond rings at $250.00 dated 3/30/26, the day of the signing of the contract, admits the receipt to be in his handwriting but explains that it refers to other rings and not the ones mentioned in the contract. He is somewhat confused about the receipt, for he stated several times that there were originally three rings returned and not two as mentioned in the receipt. On the other hand, the defendant bought under the contract two dinner rings of a total value of $225.00 and not $250.00, the amount mentioned in the receipt signed by Walters. Neither Walters nor the defendant explains this discrepancy to our satisfaction. It is admitted that whatever defendant retained of his original purchase, forty-one dollars was paid on account. It is argued that defendant would hardly pay forty-one dollars if he owed only $25.00. Ordinarily this would be most convincing, but the manner in which this money was collected, two or three dollars at irregular intervals, might mislead a simple Italian, such as defendant is shown to be, and, moreover, he claims to have been under the impression that he owed $45.00 and not $25.00.

In the final analysis the issue is one of veracity between plaintiff's agent, Solomon Walters, and the defendant, Segretto.

The record contains evidence which we think reflects upon Walters' credibility to such an extent as to turn the scales heavily against him.

It is proved by his own admission that he left the state shortly after this transaction and was forcibly returned following a charge of embezzlement lodged against him by his employer, plaintiff herein. The alleged embezzlement referring to certain jewelry belonging to his employer aggregating in value, according to his statement, about $460.00. We would not be understood as emphasizing the effect of a criminal charge upon the credibility of a witness, for as pointed out by Doster, C. J., in State vs. Greenburg, 59 Kan. 404, and cited by Mr. Wigmore in his great work on Evidence, Vol. 2, Sec. 982:

"An arrest is nothing more than an accusation of crime or other act of turpitude. That it is made in the form of a forcible restraint of a person based upon a sworn complaint makes it for purposes of disgrace or discredit, no stronger evidence of the truths of the accusation than an oral statement by the accuser would be. No one would contend that a witness could be asked whether another person had not orally accused him of crime. Why should the rule be different when the accusation has been written and sworn to? It is but an accusation in each case. Why should it be different when the sworn accusation is followed by an arrest. The arrest is but a reassertion of the accusation in another form."

But in this case the plaintiff himself makes the accusation against his salesman upon whose testimony he relies for recovery. It is at least evidence of confusion in the account between plaintiff and his employee and to that extent involves the credibility of his testimony regardless of the implication of turpitude. Furthermore, the answers of the witness, Walters, are not such as might be expected from an innocent and honorable man unjustly accused of such moral obloquy as is involved in the charge of embezzlement. We hope we do this witness no injustice in saying that his evidence can not be relied

upon in support of the judgment appealed from.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that plaintiff's demand be rejected at his cost.

It is further ordered that defendant have judgment against plaintiff in reconvention in the sum of sixteen dollars, plaintiff to pay costs of appeal and defendant of the lower court.