STATE OF IOWA, appellee, v. DONALD H. FRESE, appellant.

No. 51166.

(Reported in 127 N.W.2d 83)

MARCH 10, 1964.

Donald W. Sylvester, of Sioux City, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, both of Des Moines, and Edward F. Samore, County Attorney, for appellee.

THORNTON, J.—Defendant was informed against for rape and convicted of the included offense of assault with intent to commit rape. It was the State's theory of the case that the attack on the prosecutrix was a transaction involving five men who aided and abetted one another in committing the crime. The prosecutrix testified she met one of the men in a tavern near her apartment in Sioux City at about 1 a.m. She was invited

to eat. She entered a car driven by defendant. Instead of driving to a place to eat, the men drove to a park where all had intercourse with her against her will, some of whom held and restrained her while the others had intercourse with her. Defendant took the stand in his own defense, his defense was that he did not actually have intercourse with prosecutrix and all that was done was voluntary on her part.

On cross-examination defendant was asked to repeat the names of three of the men with him and was then asked the present whereabouts of each of them. Over the objection of defendant that such was irrelevant and immaterial to any issue and outside of the scope of direct examination, defendant was required to answer. He testified one was "at Anamosa" and the other two "at Fort Madison." Defendant then moved for a mistrial, urging the questions concerning the location of the three men were for the sole purpose of bringing into the case matters which have no bearing on the guilt or innocence of the accused and for prejudicing the jury, and for prejudicing the defendant in the eyes of the jury, as well as it is immaterial, irrelevant and has no bearing on the issues in the case. The trial court overruled the motion and took no curative action.

Defendant urges here the questions asked were for the purpose of showing the plea of guilty or conviction of each of the three men, that such was inadmissible, and it was outside of the scope of the direct examination contrary to section 781.13, Code of Iowa, 1962, and such error was prejudicial.

The State does not urge that the answers of defendant, "at Anamosa" and "at Fort Madison", did not refer to the State penal institutions located in those towns or were not so understood by the jury.

I. It is the general rule in Iowa and elsewhere a plea of guilty, conviction or acquittal of an accomplice or one involved in the crime with the accused is not admissible to prove guilt or innocence of the accused. State v. Underwood, 248 Iowa 443, 445, 80 N.W.2d 730, 731, and citations; Annotation, 48 A. L. R.2d 1016; and 22A C. J. S., Criminal Law, section 784, page 1190. In State v. Underwood, supra, the prohibited evidence was elicited by questions asked the accomplice on direct exam-

ination by the county attorney. He was asked if he was charged with the crime and whether he pleaded guilty to it. Over objection, a "yes" answer was received. The county attorney also referred to this in argument. We held the question was improper to impeach the witness for conviction of a felony. Section 622.17, Code of Iowa, 1954. At page 448 of 248 Iowa, page 733 of 80 N.W.2d, we said:

"We can think of no relevancy of this testimony on the question of the guilt of this defendant, and must therefore hold it error to have admitted it."

The opinion also states such error alone would not require a reversal, but when considered with the later use of such testimony, and reference to the penalty received, made by the county attorney in final argument over proper objection it was unduly prejudicial to the defendant requiring a reversal. No limiting instruction was given, none was requested, nor did defendant there move for a mistrial.

The State at this point cites State v. Bowers, 108 Kan. 161, 194 P. 650, and Commonwealth v. Dennery, 259 Pa. 223, 102 A. 874. Both do hold evidence of the conviction of the accomplice is admissible. See footnote No. 1, page 1017 of 48 A. L. R.2d, and State v. Randolph, 192 Iowa 636, 643, 185 N.W. 141. That such error may be cured by instructions, see Carter v. United States, 108 App. D. C. 277, 281 F.2d 640, 641.

II. Where the evidence is not relevant to the main issue, guilt of defendant, we must next determine whether it was relevant to an issue necessarily involved or raised by defendant. Where the defendant takes the stand, as here, he is afforded the protection of section 781.13, Code of Iowa, 1962, it provides:

"When the defendant testifies in his own behalf, he shall be subject to cross-examination as an ordinary witness, but the state shall be strictly confined therein to the matters testified to in the examination in chief."

It is well established in our cases the defendant may be cross-examined on matters relating to memory, history, motive or credibility. State v. Brown, 253 Iowa 658, 669, 113 N.W.2d 286, 293; State v. Williams, 238 Iowa 838, 850, 28 N.W.2d 514; State v. Knox, 236 Iowa 499, 508, 18 N.W.2d 716; and citations

in each. It is apparent the questions asked do not relate to memory, history or motive of the defendant. Also, defendant's testimony did not touch on the whereabouts of those involved in the crime with him either past or present.

The principal issue in this case was whether the prosecutrix consented. Defendant testified he attempted to have intercourse with the prosecutrix with her consent. There was no issue on the prosecutrix voluntarily getting into the car with the five men nor that she made oral complaint when she realized they were driving to some place other than to eat. Her complaints and objections start when the men started to attack her. She testified that two or three of the men held her while the others had relations with her. Defendant's characterization of the events is that the girl voluntarily had relations with the others.

He testified: "* * * my brother and the girl stayed in the back seat and the rest of us got out of the car and drank beer. My brother got out of the car and then Dick Jump got in the back seat with the girl. * * * Dick Jump and the girl went somewhere in back of the car."

This is the only testimony on his part fairly raising the question of consent as to the others involved.

The State's position is that such opens the door for the prosecution to show the conviction of these men, that such evidence is proper to refute defendant's testimony.

Would the record of the conviction or plea of guilty of these men have been admissible in rebuttal? We think not. It would not be admissible to prove lack of consent on the girl's part as far as defendant is concerned, the principal issue in the case. It does not discredit defendant in anyway. It does not show he made contrary or inconsistent statements or took a contrary position at another time. What it does show is that someone else took a contrary position at another time. In the case of a guilty plea, that another defendant thought the evidence showed the attack on his part was against her will. In the case of a conviction, that another jury took a different view of the evidence. We think it follows defendant cannot be cross-examined relative to the whereabouts of the others or of their convictions.

That such is wholly collateral, see State v. Dunn, 116 Iowa 219, 225, 89 N.W. 984, 986, where we said:

"Upon what theory, then, evidence of Gray's conviction was competent in behalf of the defendant, we do not see. The jury in this case could not retry Gray's case, and determine whether he was rightly or wrongly convicted; and unless they could do this, and then distinguish between the two cases, the offered evidence would not be competent."

In support of his contention the examination was prohibited by section 781.13, Code of Iowa, 1962, defendant cites State v. Collins, 246 Iowa 989, 69 N.W.2d 31, and State v. Knox, 236 Iowa 499, 18 N.W.2d 716. Actually this case is stronger for the defendant than either of those cases in which there were able and vigorous dissents. In Collins the defendant was asked where he was in 1940, thirteen years before the crime in question. Over objection he was required to answer he was in the Eldora Training School for Boys. Even though the defendant had traced his history, all favorable, back to 1942 and stated he had never been in trouble, a majority of this court held the examination constituted reversible error. In Knox the defendant was asked about improper relations with his wife before marriage at a time three and a half years before the crime with which he was charged. On direct examination defendant's testimony showed for practical purposes the same information. A majority of this court held the cross-examination constituted prejudicial error. In both of these cases the objectionable evidence did tend to discredit the defendant, not a person involved in the transaction with him.

The State in support of its contention the evidence, was proper cites from State v. Shepard, 247 Iowa 258, 265, 266, 73 N.W.2d 69, 73, the following:

"It will be observed that in terms this section [781.13] limits the cross-examination of a defendant somewhat narrowly, and it is sometimes contended the cross-examination must be confined to subjects already dealt with on direct examination. We think, however, this argument, properly analyzed, does not have the restrictive and limiting effect which its proponents

claim for it. The broad subject of the direct examination, if material at all, is the guilt or innocence of the defendant."

We referred to the above with approval in State v. Brown, 253 Iowa 658, 669, 113 N.W.2d 286, and State v. Drosos, 253 Iowa 1152, 1161, 114 N.W.2d 526. However, it does not help the State here. The objectionable evidence did not tend to prove defendant's guilt but that of his companions.

■ Adverting to the question of prejudice. The evidence did not come inadvertently. The same questions were allowed over objection of another defense witness, but the witness did not know where they were. The matter was promptly objected to and motion for a mistrial made at the time. To say such is without prejudice is to allow the deliberate introduction of inadmissible evidence at will. The full impact on the jury of such evidence cannot be known, but it gives rise to the illogical inference that if one is guilty the other is. In the case of inadvertent reference to the plea of guilty, a cautionary instruction is deemed to cure the error. Carter v. United States, 108 App. D. C. 277, 281 F.2d 640. That such error is prejudicial, see State v. Collins, 246 Iowa 989, 69 N.W.2d 31, and State v. Knox, 236 Iowa 499, 18 N.W.2d 716.—Reversed.

All Justices concur.