**STATE of Iowa, Appellee,**

v.

**Walter Alfred BROTEN, Jr., Appellant.**

No. 53921.

Supreme Court of Iowa.

May 5, 1970.

James C. Dunbar and Walter W. Rothschild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., William W. Garretson, Asst. Atty. Gen., and Robert L. Rausch, Asst. County Atty., for appellee.

LARSON, Justice.

On October 16, 1968, an information was filed in the District Court of Iowa in and

for Black Hawk County charging the defendant, Walter Alfred Broten, Jr., with manslaughter in the death of Ray Harris. Pursuant to defendant's plea of not guilty, trial was had to a jury, culminating on January 16, 1969, with a verdict of guilty. It is from this conviction that defendant appeals.

There is little dispute concerning the circumstances which resulted in the death of Harris. The record discloses that in the early morning hours of September 20, 1968, defendant, age 35, together with his wife and her cousin, entered the Grill Cafe in Waterloo, Iowa, at about 3 A.M., and sat in a booth near one occupied by the decedent, Ray Harris, who had arrived sometime earlier. Harris appeared to be under the influence of alcohol and, after giving his order, was observed to lay a pile of money by his plate. He attempted but failed to get the attention of Mrs. Broten and, before leaving the cafe for his room directly across the street at the Holiday Inn, wrote a note on a napkin which stated: "Room 415, Holiday Inn, $200.00." After Harris departed, the waitress brought the note to Mrs. Broten, who showed it to her cousin and husband. Defendant became upset and, contrary to his wife's wishes, followed Harris across the street where the two men, standing about two feet apart, entered into a discussion of the matter. There was testimony that defendant was admonishing decedent and, when Harris attempted to push him, defendant hit Harris with a left hook on the right side of his face, knocking him down. His head hit the sidewalk and, when observed a few seconds later, he was unconscious.

Two off-duty policemen were seated by the window of the Holiday Inn Coffee Shop and one of them saw the encounter. He stated that he did not see Harris do any pushing but did observe the defendant throw a cross to the left which knocked the older man to the sidewalk. The other off-duty officer called for the police and an ambulance. Defendant was placed under arrest and the injured man was taken to Schoitz Hospital in Waterloo. The attending physician determined that Harris, who appeared to be in his late forties or fifties, had a skull fracture. The condition of Harris worsened during the course of the day and early on September 21, 1968, he was transferred to the University Hospital in Iowa City where he subsequently died.

Defendant assigns as error (1) the allowance of certain cross-examination as to defendant's record as an amateur boxer and (2) the failure of the trial court to initially instruct the jury as to the law of self-defense as requested by defendant.

■ I. It is well settled that the manner in which, and the extent to which, cross-examination of a defendant may be pursued is largely a matter of the trial court's discretion, and its ruling will be disturbed only upon a clear showing that such discretion has been abused. State v. Kelley, Iowa, 161 N.W.2d 123, 125; State v. Van Voltenburg, 260 Iowa 200, 208, 147 N.W.2d 869, 874; State v. Myers, 257 Iowa 857, 861, 135 N.W.2d 73, 76; State v. Drosos, 253 Iowa 1152, 1162, 114 N.W.2d 526, 531.

Defendant had testified on direct examination that he hailed Harris, crossed the street, and engaged him in conversation concerning the note left in the cafe, that although they were but two or three feet apart Harris pushed him, and that he then hit Harris one blow, knocked him down on the sidewalk, and walked away. The subject matter of the testimony was as to who started the argument, defendant's motive in hailing Harris, and as to why defendant struck Harris, as well as his physical superiority over deceased. When he offered himself as a witness, he of course subjected himself to the same rules of impeachment and credibility as other witnesses.

■ The boxing background of the witness reasonably relates to his testimony as to the occasion for the blow he admittedly struck. The cross-examination pur-

ported to re-examine his testimony as to the occasion for the blow. Defendant had stated his purpose in approaching Harris was to tell him it was not right to do things like that, and just to talk to him and explain why. On direct examination defendant had testified Harris stopped when he "hollered" at him, that Harris came back and they started talking, that he was pointing his finger at Harris and was talking with his hands as he always did, and that when Harris came toward and pushed him defendant hit Harris. On cross-examination defendant said he hollered at Harris twice, that the second time Harris stopped, that he walked up to within two or three feet of Harris and talked to him. When Harris pushed defendant, he said he hit him "automatically" with his fist, using the left hand which landed on the right side of Harris' face. He said he did not believe his left hand was stronger than his right, and willingly showed the jury his left arm with the sleeve rolled up and flexed his biceps. He further admitted success as an amateur Golden Gloves boxer. Thereafter objection, on the ground that the questioning went beyond the scope of the direct examination and was irrelevant and immaterial, was interposed. When overruled, defendant admitted he had won most of his fights by technical knockouts. He further stated he did not go out there to hurt Harris. No motion to strike this testimony was made. We are satisfied the court did not err in admitting this cross-examination, although there was no specific reference to his record as a boxer in direct examination. The subject matter reasonably involved his fighting experience. The questions also were relevant to his testimony as to his motive, capability, and the credibility of his version of the circumstances which resulted in the blow he struck. We think the jury was entitled to consider defendant's boxing record in evaluating his version of the affray.

II. Section 781.13, Code of Iowa 1966, provides: "When the defendant testifies in his own behalf, he shall be subject to cross-examination as an ordinary witness, but the state shall be strictly confined therein to the matters testified to in the examination in chief." It is appellant's contention that the word "strictly" contained therein means just that and it was error for the court to permit the State, over defendant's timely objection, to cross-examine Broten on his record as an amateur Golden Gloves boxer since that specific matter had not arisen on direct examination.

The rule is well established in Iowa that section 781.13 does not place a defendant, who offers himself as a witness, upon a different footing then any other witness with respect to his memory, history, motive, or matters affecting his credibility. State v. Kelley, supra, 161 N.W.2d 123, 124; State v. Frese, 256 Iowa 289, 292, 127 N.W.2d 83, 85; State v. Brown, 253 Iowa 658, 669, 113 N.W.2d 286, 293.

In State v. Kelley, supra, we considered this section of the Code and stated on page 124 of 161 N.W.2d: "This section has been before us on numerous occasions. Our previous decisions have established that a defendant who offers himself as a witness subjects himself to the same rules on impeachment and credibility as other witnesses. He stands on the same footing as any other witness regarding his memory, history, motives and credibility. State v. Brandenberger, 151 Iowa 197, 204, 130 N.W. 1065, 1068; State v. Bittner, 209 Iowa 109, 118, 227 N.W. 601, 605; State v. Carter, 222 Iowa 474, 481, 269 N.W. 445, 449; State v. Brown, 253 Iowa 658, 669, 113 N.W.2d 286, 293; State v. Frese, 256 Iowa 289, 292, 127 N.W.2d 83, 85." We adhere to the view expressed in those decisions.

In State v. Allnutt, Iowa, 156 N.W.2d 266, 273, this court, in considering section 781.13, said: "When defendant elected to testify, his credibility as a witness became important", citing State v. Haffa, 246 Iowa 1275, 1283, 71 N.W.2d 35, 40, where it was stated: "The purpose of the cross-

examination is to test the credibility of the witness and the accuracy of his knowledge of the subject matter. * * * Of course the purpose of the cross-examination must be confined to discrediting the one examined as a witness and not as a defendant." We are mindful of that distinction here.

This was not the case where the questions asked on cross-examination referred to some unrelated offense or occasion, and the cases cited by appellant in that regard are not in point.

In State v. Collins, 246 Iowa 989, 69 N.W.2d 31, the defendant was being prosecuted for drunken driving. On cross-examination he was asked where he had been some thirteen years prior and, over proper objection, answered that he had been in the Eldora Training School for Boys. In finding there was an abuse of judicial discretion in permitting this testimony, it was stated on page 995 of 246 Iowa, 69 N.W.2d at 34: "The commitment to what is still thought of as the 'Reform School' was too remote in time to furnish any reliable criterion by which to test the credibility of the witness and was not proper cross-examination as related to the testimony in chief."

In State v. Burris, 194 Iowa 628, 190 N.W. 38, the defendant was a negro charged with the murder of another negro. Therein it was correctly held that testimony concerning the defendant's association with white girls was prejudicial and had no relevancy to the crime charged.

In State v. Knox, 236 Iowa 499, 18 N.W.2d 716, defendant had been charged with the crime of murdering his father. This court held the trial court erred in not sustaining objections to testimony which established that the defendant had been involved in an adulterous affair and procured an abortion to relieve his mistress of her pregnancy. That evidence was excluded because it did not tend to show motive and was in no way relevant to the murder of defendant's father.

In discussing the application of statutes similar to ours, it is stated in Wigmore on Evidence, Volume 8, section 2276(d): "A * * * rule, usually under statute, is that the accused may be cross-examined only as to the *subjects* already dealt with in his direct examination. This form was doubtless intended merely to apply to the accused the usual rule of a majority of the states as to the scope of cross-examination * * *. But its literal effect is to limit the doctrine of waiver to the *subject* of the direct examination." (Emphasis supplied.) It is also stated in section 2276(2): "His (the accused's) voluntary offer of testimony upon any fact is a waiver as to all other relevant facts because of the necessary connection between all."

Furthermore, we have stated on numerous occasions that, where a question is not objected to until after it has been answered and no reason is given for the delay, and there is no motion to strike or exclude the answer, it is not improper to permit the matter into the record. Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 451, 138 N.W.2d 93, 96, 10 A.L.R.3d 247, 252; Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 1262, 1263, 30 N.W.2d 97, 102, 103, and citations; 22 Iowa L.Rev. 609, 622, 623; 53 Am.Jur., Trial, § 134.

We are satisfied the trial court did not violate the provisions of section 781.13 in permitting this cross-examination and that its acceptance was not reversible error.

III. Appellant next contends that the trial court erred in not instructing the jury as to the law of self-defense. It appears from the record that when the court submitted its proposed instructions to counsel, defendant requested the court to add to its general instructions on the crime of manslaughter the requirement that the State prove the acts of defendant were not in self-defense. He argued that the evidence was sufficient to raise the question as to whether the deceased did engage in some sort of activity or assault upon

defendant which would allow the jury to consider the question.

After hearing, the trial court adhered to its original conclusion that there was insufficient evidence in the record to generate a jury question on self-defense. We must agree.

■ It is well established in this jurisdiction that, to justify an act on the ground that it was committed in self-defense, four elements must be present: (1) the defendant must not be the aggressor in provoking or continuing the difficulty involved; (2) he must retreat as far as is reasonable and safe before striking his adversary; (3) he must actually and honestly believe he is in imminent danger of death, great bodily harm, or some felony, and that it is necessary to use physical force to save himself therefrom; and (4) he must have reasonable grounds for such belief. State v. Haffa, supra, 246 Iowa 1275, 1289, 71 N.W.2d 35, 43, and citations; State v. McNamara, 252 Iowa 19, 26, 104 N.W.2d 568, 572.

■ We are satisfied, after careful examination of the record herein, that the trial court was correct in its initial determination that there was insufficient substantial evidence of such an assault upon defendant as to require an instruction on self-defense. An instruction on self-defense is not required in every case involving an argument or pushing such as we have here. It is only when the evidence, taken as a whole, raises a substantial issue of self-defense that an instruction on the subject need be given. State v. Hodge, 252 Iowa 449, 461, 105 N.W.2d 613, 620; State v. Moon, 241 Iowa 1232, 1236, 44 N.W.2d 739, 741; State v. Russo, 193 Iowa 992, 999, 188 N.W. 660, 663.

The only evidence presented indicates defendant was the aggressor. Viewed in a light most favorable to defendant, the evidence discloses that in order to terminate the conversation the decedent may have pushed defendant to escape his near proximity, that defendant was in no fear of decedent and did not retreat from the area. There were no reasonable grounds for any other conclusion.

In State v. Hodge, supra, we upheld the trial court's refusal to instruct on self-defense where the defendant's own testimony disclosed that he was the aggressor, struck the first blow, did not retreat, and did not claim he was in fear of death or any serious injury from the struggle.

In State v. Moon, supra, defendant assigned error because the court did not instruct the jury on self-defense for an included charge of assault with intent to commit great bodily injury. Upon reviewing the evidence, this contention was dismissed because it appeared defendant was the aggressor, had done the hitting, and had a butcher knife in her hand.

In State v. Russo, supra, we held it was not error to refuse to instruct on self-defense where deceased was unarmed, made no threat or hostile demonstration of any kind toward defendant, and the latter obtained two pistols, gave chase for about a thousand feet, and fired a total of nine or ten shots at decedent.

■ IV. It further appears herein that after the jury had deliberated for some time the foreman informed the bailiff that the jury desired the answer to the following question: "If you act against a delivered push, is this considered self-defense?" The trial court, after giving defendant, his counsel, and the counsel for the State, an opportunity to examine it, gave to the jury an instruction on self-defense. No objections to it were taken and the jury again retired to deliberate.

Appellant does not complain of the instruction, but now contends he was not permitted to argue that aspect of the case to the jury and was thus deprived of a fair trial.

In view of our conclusion in Division III hereof, we need not reach that question.

Having concluded under this record he was not entitled to an instruction on self-defense, the failure to permit him to argue that issue before the jury was in no way prejudicial to him.

V. Having found no reversible error, defendant's conviction and the judgment rendered herein must be affirmed.

Affirmed.

All Justices concur.