Bertram Harnett, J.
In October, 1970, Plessner Electronics Co., Inc. (Plessner Electronics) orally agreed with one of its suppliers, Edwards Company, Inc. (Edwards) to have all payments on its own customer accounts made by checks payable to both itself and Edwards. It further agreed to indorse the checks and send them to Edwards to reduce the accounts payable to Edwards.
*740 This dispute concerns two $3,000 checks from Plessner Electronics ’ customer DiFazio Electric Inc. made out to ‘1 Plessner & Edwards ’ ’ and ‘ ‘ Plessner Electronics and Edwards Electric ’ ’. They were indorsed only by Plessner Electronics and were, , without any indorsement by Edwards, deposited in Plessner Electronics’ account with the Long Island Trust Company (LITCO). Edwards now sues LITCO for the face amount of each check. LITCO has interpleaded as third parties Plessner Electronics and its two principals, Victor H. Plessner and Gerald Seiler, who both signed individual guarantees of any Plessner Electronics’ obligations to the bank in return for continued credit extension.
Both Edwards and LITCO now move for summary judgment pursuant to CPLR 3212.
There are no factual disputes in any of the claims asserted. (See Phillips v. Kantor & Co., 31 N Y 2d 307.) The appearing parties disagree only on their respective legal liabilities for the two deposited checks.
A. JOINT PAYEE INDORSEMENTS REQUIRED
Edwards’ entitlement is clearly indicated by statute. Section 3-116 of the Uniform Commercial Code provides in pertinent part:
‘1 An instrument payable to the order of two or more persons * * *
“ (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them ”.
All parties here agree that the two checks, in using the conjunctive “.and” between the names of the payees, were not made out “in the alternative”. Under the statute, a check signed by only one of two payee depositors does not give the bank authority .to make payment. (Insurance Co. of North Amer. v. Atlas Supply Co., 121 Ga. App. 1.) Both signatures are required. (Jewett v. Manufacturers Hanover Trust Co., 48 Misc 2d 1094; Barden & Robeson Corp. v. Tompkins County Trust Co., 67 Misc 2d 587; see Brady on Bank Checks [4th ed., 1969], § 5.13, p. 99.) Without Edwards’ signature, the check_ was incompletely indorsed and the bank improperly honored it in paying the funds to Plessner Electronics’ account. Since no one has disputed the claimed oral agreement between Edwards and Plessner that these dual payee checks would be turned over to Edwards, the damage suffered by Edwards as a result of the bank’s improper payment is the face amount *741 of the checks. (Hillsley v. State Bank of Albany, 24 A D 2d. 28; State Nat. Bank v. Sumco Eng., 46 ALA. App. 244.)
The bank’s only defense for its áctions is that the payee designations were not sufficiently clear or accurate. The first check dated December 4, 1970 was made out to “Plessner & Edwards”; the second dated December 18, 1970 to “ Plessner Electronics & Edwards Electronics ’ ’. While neither check set forth the full corporate names of the payees, both designations are sufficiently clear and close enough to the intended names. Indeed the bank does not seriously claim it did not know who the payees were. In any event, vagueness in either or both payee designations would not excuse or justify payment to only one and disregard of the other, where at all times the bank knew there were two payees. Moreover, it would appear to the extent the payee designation was simply “Plessner”, the bank could not even rely on a corporate indorsement.
Therefore, summary judgment is granted pursuant to CPLB 3212 in favor of Edwards and against LITCO in the amount of $6,000, plus interest on $3,000 from December 4, 1970, and on $3,000 from December 18,1970, costs and disbursements.
B. BANK’S THIRD PARTY CLAIMS-WAS THERE A DISCHARGE IN BANKRUPTCY OF MR. PLESSNER?
The third-party claims by LITCO remain. Plessner Electronics and Gerald Seiler have failed to appear or answer the claims against them, respectively, of liability over for the amounts improperly deposited to the corporate account plus the interest and costs incurred, and liability under the individual written guaranty dated October 15, 1969. Summary judgment is granted against them by default.
Victor Plessner, however, defends on the basis that all his outstanding obligations, including the one now claimed by LITCO, were wiped out when, by “ Order of Discharge of Bankrupt ”, dated March 15, 1972 in the Federal Eastern District Court of New York, he was “ released from all discharge-able debts ’ ’. The focal question is whether the blanket guaranty signed by Mr. Plessner in October 15, 1969 was a ‘ ‘ discharge-able ” debt under the Bankruptcy Act. Three levels of inquiry are required to find the answer.
The first statutory hurdle is the requirement that the to-be-discharged creditor be listed in or have notice of the bankruptcy proceedings. Section 17 (subd. [a], par. [3]) of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [3]) provides in pertinent part: “A discharge in bankruptcy shall release a *742 bankrupt from all' of his provable debts, whether allowable in full or in part, except such as * * # (3) have not been duly-scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy
Here, the bank was actually listed as a creditor in Mr. Plessner’s bankruptcy petition and the underlying obligation set forth in the petition was the October, 1969 ‘ ‘ personal guarantee on loans to Plessner Electronics, Inc. ’ ’ Although the stated underlying debt covered there by the guaranty was a different one than the claim asserted here based on misappropriation of the two checks, the statute minimally requires either “ notice ” or “ actual knowledge ” of the bankruptcy proceedings. It is clear that the bank was notified and actually knew of the proceedings, and was fully aware of the open guaranty executed in its favor by the bankrupt.
But, what then are the “ provable ” debts subject to discharge in section 35 (U. S. Code, tit. 11) ? Section 103 (U. S. Code, tit. 11), in pertinent part, provides: “ (a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * * (8) contingent debts and contingent contractual liabilities ’ ’.
A ‘ ‘ contingent ’ ’ obligation includes 1 ‘ all debts that, either as to their existence or as to their amount, depend upon some future event uncertain either as to its occurrence altogether, or as to the time of the occurrence ”. (3A Collier on Bankruptcy, § 63.30, p. 1912.1.) Mr. Plessner’s guaranty is unquestionably an inchoate obligation that is dependent upon future contingencies, that is, any liabilities accruing from Plessner Electronics to LITCO. The agreement speaks generally of “ all liabilities ” and does not strictly require a prior judgment against Plessner Electronics before obligating Mr. Plessner to cover. However, the terms and circumstances of the guaranty’s application to the check dispute with Edwards were not previously certain. In this sense, the contingent nature of the guaranty is obvious.
Yet, there is a third tier of inquiry resulting from the statutory requirement that a contingent debt is not deemed proved if it is not “ allowed ”.
Section 103 (U. S. Code, tit. 11, § 103, subd. [d]) provides:
‘1 Where any contingent or unliquidated claim has been proved, but, as provided in subdivision (d) of section 93 of this title, has not been allowed, such claim shall not be deemed proved under this title ”.
*743 ‘ ‘ An unliquidated or contingent claim shall not he allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this title ”. (U. S. Code, tit. 11, § 93, subd. [d]; Emphasis supplied.)
The statute, in effect, requires that we now consider if LITCO’s present “ contingent ” claim against Mr. Plessner was sufficiently ascertainable to avoid disallowance if it had been raised in the prior bankruptcy proceeding. The allowance of contingent debts for discharge was codified by the Chandler Act in 1938 (52 U. S. Stat. 840), and although the statutory language is not helpful in defining allowable contingencies, it is useful to note that the 1938 provision was intended to incorporate prior decisional law on the issue, Maynard v. Elliott (283 U. S. 273); Brown v. O’Keefe (300 U. S. 598). In one such preceding decision, the Supreme Court of the United States said (Brown v. O’Keefe, supra, p. 606): “ What infusion of contingency will vitiate a claim is at best a question of degree * * # though there is a leaning toward allowance in aid of the purpose of the statute to relieve the honest debtor ’ ’.
Therefore, in determining the allowability of a contingent debt, the court must be mindful of the primary purpose of the Bankruptcy Act “ to give debtors ‘ a new opportunity in life and a clear field for future effort, unhampered by the presence and discouragement of preexisting debt.’” (Perez v. Campbell, 402 U. S. 637, 648; Williams v. United States Fid. Co., 236 U. S. 549, 554). It is with this perspective that the statutory definition of nonallowable claims must be applied.
The chronology of events in bankruptcy cases often gives some indication of how ascertainable the contingent claim is, in either amount or existence. (Matter of Schaefer v. Smith, 469 F. 2d 1256.) Here, both checks were wrongly honored by the bank and deposited by Plessner Electronics in December, 1970. The lawsuit by the copayee Edwards was started on June 18, 1971 and the bankruptcy petition was filed on August 13, 1971 resulting in a final discharge on March 15, 1972. (All parties apparently agree that the “ March 15, 1971 ” date on the discharge order is incorrect and should read “ March 15, 1972 ”.)
The guaranty exposure of Victor Plessner for the corporate liability arising from the two checks was hardly ephemeral in *744 October, 1971 when LIT CO personally filed its other claim in his bankruptcy proceeding. Having already been .sued by Edwards for $6,000, and having acknowledged its awareness of Mr. Plessner’s guaranty for Plessner Electronics’ liabilities, the bank was close indeed to assessing its own claim against the individual Plessner at $6,000, plus attorney’s fees. (See Matter of Serignese, 214 F. Supp. 917.) On July 20,1972, only four months after the discharge, the bank filed a third-party claim which reasonably would have been contemplated soon after commencement of the lawsuit over a year earlier. Indeed, the mere postponing of the third-party action does not circumvent discharge of the debt, or render it too uncertain to be allowed. To hold otherwise would indeed frustrate the purpose of the Bankruptcy Act. (Williams v. United States Fid. Co., 236 U. S. 549, supra.)
During the bankruptcy proceeding, the looming claim against Victor Plessner was obvious to the bank in. both its existence and amount. It was not ‘ ‘ incapable of proof ” or “so fortuitous as to make it uncertain whether liability [would] ever attach ” or “ make any valuation of the claim impossible, even though liability has attached ”. (Maynard v. Elliott, 283 U. S. 273, 278, supra; 3A Collier on Bankruptcy, § 63.30, p. 1912.) The impending events of contingency were not vague; they were foreseeable with at least some degree of predictability and evaluability.
Accordingly, since Mr. Plessner’s contingent debt was not “ [in] capable of liquidation or of reasonable estimation ”, nor would it have “ unduly delay [ed] ” the bankruptcy proceedings, it was not disallowable under section 93 (U. S. Code, tit. 11, § 93, subd. [d]). Being then provable as a contingent debt under section 103 (U. S. Code, tit. 11, § 103) it was effectively discharged in the bankruptcy proceeding.
It should likewise be recognized that there is no claim of fraud against Mr. Plessner, nor any claim that he personally gained from the improper deposit of checks in the corporate account.
The bank’s cross motion for summary judgment on its third-party claim against defendant Victor H. Plessner is denied and summary judgment is granted in favor of that defendant dismissing the third-party action.
Submit judgment on notice, including an affidavit of services to support any award of attorney’s fees under defendant Seiler’s written guaranty.