STATE of Iowa, Appellee,

v.

Charles Reno MARTIN, a/k/a William Gottfried, Appellant.

No. 55207.

Supreme Court of Iowa.

April 24, 1974.

**538**

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Ray Fenton, County Atty., and Michael. Hansen, Asst. County Atty., for appellee.

Considered en banc.

RAWLINGS, Justice.

Defendant, Charles Reno Martin, a/k/a William Gottfried, appeals from judgment on jury verdict finding him guilty of robbery with aggravation in violation of The Code 1971, Sections 711.1, 711.2. We reverse.

April 30, 1971, a gun point robbery was perpetrated at the Safeway Super Market store, East 14th and University in Des Moines. About an hour later the police arrested Martin. He then had in his possession a sack of money identified as having come from said store, and a pistol. By information defendant was accused of the above stated offense.

Prior to trial defense counsel moved for an order in limine by which the State would be prohibited from making any in-presence-of-jury inquiry of Martin regarding his prior felony convictions, except those related to truth and veracity. This motion was overruled.

Like objections were interposed as to such evidence at appropriate stages during the trial and again overruled. Ultimately on cross-examination, Martin admitted he had been previously convicted of several prior felonies.

Defendant's attorney also endeavored to prove Martin was under the influence of narcotics at time of the aforesaid robbery. In support thereof several attempts were made to introduce opinion evidence, via hypothetical questions asked of a claimed expert, as to the effect drugs had upon people. Objections thereto because of inadequate foundation and absence of qualifications on the part of the witness were sustained.

In support of a reversal defendant here asserts, trial court erred in (1) allowing prosecution cross-examination of defendant regarding prior felony convictions unrelated to truth and veracity, and (2) refusing to permit introduction of testimony by a defense called expert witness.

I. The first question posed relates to prior felony convictions impeachment of a defendant-witness.

The effect of prior felony convictions upon. testimonial rights has long been a matter of concern to both courts and legal scholars.

At common law a person was deemed incompetent to testify if he or she had previously been convicted of what was termed an "infamous crime". See 2 Wigmore on Evidence, §§ 519–520 (3d ed.); McCormick on Evidence, § 43 at 89 (1954). See generally 12 Drake L.Rev. 141 (1963).

The above rule was later abolished by statutory enactments in every state. See Code §§ 622.1, 622.3.

In so doing, however, the legislative bodies in most jurisdictions enacted statutes

comparable to our Code § 622.17 which says: A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

■ This Act constitutes a statutorily imposed exception to the basic rule that evidence showing the commission of crimes other than the one with which an accused stands charged is not ordinarily admissible. See State v. Wright, 191 N.W.2d 638, 639–640 (Iowa 1971).

■ Furthermore, evidence made competent by the above quoted statute is for the sole purpose of impugning the credibility of a witness. See Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242, 244 (1966); State v. Milford, 186 N.W.2d 590, 593 (Iowa 1971); State v. Anderson, 159 N.W.2d 809, 812 (Iowa 1968); Gaskill v. Gahman, 255 Iowa 891, 896, 124 N.W.2d 533 (1968); State v. Underwood, 248 Iowa 443, 445–446, 80 N.W.2d 730 (1957); 41 Iowa L.Rev. 325 (1956).

On the other hand this court has not heretofore held the testimonial impeachment allowable under § 622.17 is restricted to felony convictions involving dishonesty, truth or veracity, nor limited as to time thereof.

Absence of any change in that regard is probably due to the fact that related error has not, in most instances, heretofore been preserved for appellate review. See e. g., State v. Shipp, 184 N.W.2d 679, 680 (Iowa 1971); State v. Schatterman, 171 N.W.2d 890, 896 (Iowa 1969); State v. Anderson, 159 N.W.2d at 812–813.

■ We are satisfied, however, the instantly assigned error was adequately preserved for consideration by this court. See generally 22 Drake L.Rev. 435, 445, 457–469 (1973). See also Griggs v. State, 494 P.2d 795, 797 (Alaska 1972); cf. State v. Byrnes, 260 Iowa 765, 767, 150 N.W.2d 280 (1967).

II. It must be conceded the existent unrestricted prior felony conviction impeachment view, to which reference is above made, has been subjected to more than minimal criticism.

We inceptionally note this censorious observation in McCormick on Evidence, § 43 at 93–94:

"The sharpest and most prejudicial impart of the practice of impeachment by conviction * * * is upon one particular type of witness, namely, the accused in a criminal case who elects to take the stand. If the accused is forced to admit that he has a 'record' of past convictions, particularly if they are for crimes similar to the one on trial, the danger is obvious that the jury, despite instructions, will give more heed to the past convictions as evidence that the accused is the kind of man who would commit the crime on charge, or even that he ought to be put away without too much concern with present guilt, than they will to its legitimate bearing on credibility. This places the accused, who has a 'record' but who thinks he has a defense to the present charge, in a grievous dilemma. If he stays off the stand his silence alone will prompt the jury to believe him guilty. If he elects to testify, his 'record' becomes provable to impeach him, and this again is likely to doom his defense. Where does the balance of justice lie? Most prosecutors would say with much force that it would be unfair to permit the accused to appear as a witness of blameless life, and this argument has generally prevailed. But in England and in Pennsylvania the accused who takes the stand is shielded, under certain circumstances, from inquiry or proof as to misconduct or conviction of crime when offered to impeach. Similarly the Uniform Rule provides that if the accused does not offer evidence supporting his own credibility the prosecution shall not be allowed, on cross-examination or otherwise, to prove for impeachment

purposes his commission or conviction of crime. On balance it seems that to permit, as these provisions do, one accused of crime to tell his story without incurring the overwhelming prejudice likely to ensue from disclosing past convictions, is a more just, humane and expedient solution than the prevailing practice."

See generally Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85, 91 (1964); State v. Underwood, 248 Iowa at 447–448, 80 N.W.2d at 733, State v. Santiago, 53 Haw. 254, 492 P.2d 657, 659–662 (1971); People v. Farrar, 36 Mich.App. 294, 193 N.W.2d 363, 368–369 n. 20 (1971); cf. Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949) (concurring opinion); Michelson v. United States, 335 U.S. 469, 479–481, 69 S.Ct. 213, 220–221, 93 L.Ed. 168 (1948); 41 Iowa L. Rev. at 337–345. But see McGautha v. California, 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971); Spencer v. State of Texas, 385 U.S. 554, 560–565, 87 S.Ct. 648, 652–654, 17 L.Ed.2d 606 (1967); State v. Van Voltenburg, 260 Iowa 200, 210, 147 N.W.2d 869 (1967); Commonwealth v. Bighum, 452 Pa. 554, 307 A.2d 255, 260–262 (1973).

III. That brings us to the specifics of the first question raised on this appeal.

Prior to trial, as previously observed, defense counsel moved the State be precluded from offering evidence in course of the prosecution regarding (1) defendant's prior felony convictions as to the same or a similar charge, or (2) any other conviction not involving truth and veracity. This motion was overruled.

During trial defendant testified on his own behalf and in response to an inquiry on direct examination stated he had been previously convicted of a felony. Noticeably he did not deny having ever been so convicted.

On cross-examination the county attorney inquired whether defendant had ever been convicted of burglary and voluntary manslaughter. Defendant's attorney promptly objected, first by renewal of grounds advanced in the above noted pretrial limine motion, then because (1) the question did not constitute prior course of conduct impeachment; (2) it did not go to truth and veracity; (3) it was designed to improperly prejudice the jury against defendant; and (4) it was immaterial and irrelevant. The objection was overruled and defendant thereupon stated he had been convicted of burglary, voluntary manslaughter, kidnapping and some other crimes.

By objection to jury instructions given, and again on motion in arrest of judgment and for a new trial, defense counsel reasserted the foregoing objections regarding prior convictions not related to truth and veracity.

State initially maintains, however, the controverted prosecutorial inquiry was proper under our prior Code § 622.17 holdings.

In resolving that issue we first address ourselves to the nature of an impeachment related prior felony conviction.

In that regard Chief Justice Warren Burger, while on the D.C. Court of Appeals, aptly stated in Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936, 940 (1967):

*"[W]e must look to the legitimate purpose of impeachment which is, of course, not to show that the accused who takes the stand is a 'bad' person but rather to show background facts which bear directly on whether jurors ought to believe him rather than other and conflicting witnesses.* In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or

no direct bearing on honesty and veracity. A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however, serious, are in the same category." (Emphasis supplied).

See also 3A Wigmore on Evidence, § 926 (Chadbourn rev.); 15 So.Dak.L.Rev. 160, 166–169 (1970).

IV. Next to be considered is the remoteness in time of any felony conviction relied upon to undermine the truth and veracity of a witness.

Here again Gordon v. United States, *supra,* comes into play. On point is this further statement by Justice Burger, 383 F.2d at 940:

"The nearness or remoteness of the prior conviction is also a factor of no small importance. Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness."

See also State v. Hackett, 200 N.W.2d 493, 497–498 (Iowa 1972) (concurring opinion); State v. Hardesty, 261 Iowa 382, 395–396, 153 N.W.2d 464 (1967) (concurring opinion); State v. McCumber, 202 Iowa 1382, 1385, 212 N.W. 137 (1927); State v. Dickson, 200 Iowa 17, 24, 202 N.W. 225 (1925); Stevens v. United States, 125 U.S.App.D.C. 239, 370 F.2d 485, 486–487 (1966); 3A Wigmore on Evidence, §§ 927–928 (Chadbourn rev.); Proposed Rules of Evidence for United States Courts and Magistrates, Rule 609, Advisory Committee's Note, subdivision (b); 29 Am.Jur.2d, Evidence, § 253; 31A C.J.S. Evidence § 159.

V. It is to us self-evident the relatively unlimited cross-examination of a witness as to prior felony convictions, more particularly an accused, is fraught with inequities.

Fortunately any therapeutic action does not entail a new and conjectural undertaking. See generally Bordon v. United States, *supra;* Ashton v. Anderson, 279 N.E.2d 210, 211–217 (Ind.1972); McIntosh v. Pittsburgh Railways Company, 432 Pa. 123, 247 A.2d 467, 468–469 (1968); Rule 21, Uniform Rules of Evidence (1953); Rule 106, American Law Institute Model Code of Evidence (1942); M. Ladd, Credibility Tests—Current Trends, 89 U. Pa.L.Rev. 166, 174–191 (1940).

VI. We are also satisfied Code § 622.-17, quoted above, is couched in permissive not mandatory terms.

"There is nothing in the statute itself which appears to confer upon a cross-examiner an absolute right in all circumstances to inquire of a witness as to prior felony convictions. The provision is part of the code chapter on evidence. Our law of evidence presupposes exercise of judicial discretion in accordance with recognized admissibility standards whether the authority for the category of evidence is statutory or not. This includes reputation evidence bearing upon probability or nonprobability of guilt or credibility. See State v. Sill, 199 N.W. 2d 47, 49 (Iowa 1972); State v. Hobbs, 172 N.W.2d 268 (Iowa 1969), and citations. It would be anomalous to suggest impeachment is subject to interposition of judicial discretion except where interrogation as to prior felony convictions is involved.

"There is a split of authority among jurisdictions with similar statutes which have decided the issue. The better reasoned cases have concluded such statutes place the discretion as to admissibility of evidence of prior felony convictions in the judge rather than the cross-examiner. See Luck v. United States, 121 U.S. App.D.C. 151, 348 F.2d 763 (1965); United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969); People v. Montgomery, 47 Ill.2d 510, 268 N.E.2d 695 (1971). This view is rooted in the doctrine that evidence

must have probative value to be admissible, and the legislature will not be presumed to have established a rule intended to undermine the judicial prerogative of making that determination. Judicial discretion must operate for there to be an assessment of probative value. This judicial role is required in efforts to impeach credibility by showing prior felony convictions." State v. Hackett, 200 N. W.2d at 497 (concurring opinion).

See also Stevens v. United States, *supra;* State v. Crawford, 202 N.W.2d 99, 103–105 (Iowa 1972); People v. Farrar, 193 N.W. 2d at 366–370; People v. Wilson, 75 Misc. 2d 741, 347 N.Y.S.2d 336, 338–340 (S.Ct. 1973).

VII. Also, as to the unavoidably interwoven matter of relevancy see 3A Wigmore on Evidence, § 982 (Chadbourn rev.).

The theory of impeachment under this section is that the moral qualities of a witness, including an accused, can throw some light on the probability of his truthfulness, because as he speaks they will influence him to be sincere or the reverse. Since present character is thus being used to throw light on the probability of speaking the truth it is necessary that the present character be proved. Because character cannot be brought into court and shown to the jury or trier of fact at the moment the witness speaks it is necessary, for the purpose of demonstrating the witness' character for truthfulness as he speaks from the stand, to go back to his character at a prior time. For this purpose only such instances as tend to show a lack of truthfulness or disposition—for example, forgery, cheating and the like—are relevant and material.

■ Mindful of the foregoing we now hold, for the purpose of attacking the credibility of any witness, including an accused under Code § 622.17, evidence that he has been previously convicted of a felony is admissible only if (1) the felony involved dishonesty or false statement, and (2) the judge determines any danger of unfair prejudice does not substantially outweigh the probative value of such prior felony conviction, taking into account such factors as (a) nature of the conviction, (b) its bearing on veracity, (c) its age, and (d) its propensity to improperly influence the minds of the jurors.

■ It must be noted, however, our pronouncement, *supra,* neither relates to nor places any limitation on established rules which permit evidence of prior convictions as delineated in State v. Fetters, 202 N.W. 2d 84, 91–92 (Iowa 1972) and State v. Wright, 191 N.W.2d at 639–642. Neither is it applicable to Code Chapter 747 habitual criminal proceedings. Furthermore, we do not hereby modify our rule permitting proof of other criminal acts which are an inseparable part of the whole deed. See State v. Lyons, 210 N.W.2d 543, 546 (Iowa 1973). Also, by way of exclusion, the instant holding does not limit a defendant's right, under prior decisions of this court, to place in issue his good character for the traits involved in an offense charged. See State v. Buckner, 214 N.W.2d 164, 166–167 (Iowa 1974); State v. Hobbs, 172 N.W.2d 268, 271 (Iowa 1969).

■ It is to be additionally understood the standard here adopted is not retroactively applicable. It will be applied only to (1) the present case; (2) cases in which trial commences on or after the filing of this opinion; and (3) cases tried before the filing of this opinion in which error has been properly preserved, and which (a) are pending on appeal to this court at the time of filing of this opinion, or (b) may be appealed after the filing of this opinion. See State v. Gorham, 206 N.W.2d 908, 913 (Iowa 1973); State v. Jensen, 189 N.W.2d 919, 924 (Iowa 1971).

VIII. Dealing further with the above standard is this guiding pronouncement in Gordon v. United States, 383 F.2d at 940–941:

"A special and even more difficult problem arises when the prior conviction

is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

"Of course, there are many other factors that may be relevant in deciding whether or not to exclude prior convictions in a particular case."

See also State v. Concord, 172 Iowa 467, 474–475, 154 N.W. 763 (1915).

Further enlightenment may be gleaned from this discussion in People v. Delgado, 32 Cal.App.3d 242, 248–249, 108 Cal.Rptr. 399, 404–405 (1973):

"The duty imposed upon the trial court * * * is, upon timely request, to weigh 'probative value' against the 'probability . . . of undue prejudice' and to exclude evidence only when 'probative value is substantially outweighed by . . . substantial danger of undue prejudice.' To understand and correctly apply the guidelines set forth in Beagle [People v. Beagle, 6 Cal.3d 441, 99 Cal. Rptr. 313, 492 P.2d 1], it is necessary to understand what is meant by the terms 'probative value' and 'danger of undue prejudice'. We are enlightened by the discussion of the meaning of these terms in People v. Schader, 71 Cal.2d 761, 774–775, 80 Cal.Rptr. 1, 457 P.2d 841. 'Danger of undue prejudice' is the easier of the two to understand. In the context of a criminal trial, it refers to a likelihood 'that a jury will be led astray and convict an innocent man because of his bad record.' (People v. Schader, supra, 71 Cal.2d at p. 774, 80 Cal.Rptr. at p. 9, 457 P.2d at p. 849). 'Probative value' is more complex. Its chief constituents are materiality, relevance and necessity. (People v. Schader, supra.) Thus, how much 'probative value' proffered evidence has depends upon the extent to which it tends to prove an issue by logic and reasonable inference (degree of relevancy), the importance of the issue to the case (degree of materiality), and the necessity of proving the issue by means of this particular piece of evidence (degree of necessity). (People v. Schader, supra, 71 Cal.2d at p. 775, 80 Cal.Rptr. 1, 457 P.2d 841.)

" * * * That the prior conviction was based on conduct the same or substantially similar to that presently charged militates against admissibility of the prior because it enhances the danger of undue prejudice. There is greater possibility that the jury will convict defendant of the offense charged because he committed the same or a similar offense in the past. (Id.) The fourth factor or factors mentioned in Beagle, the likelihood that the defendant will elect not to testify and the importance of his testimony, relate both to the 'danger of undue prejudice' and to the 'necessity' constituent of 'probative value'. (Cf. People v. Beagle, supra, 6 Cal.3d at pp. 453–454, 99 Cal.Rptr. 313, 492 P.2d 1.)."

See also People v. Sanders, 43 Mich.App. 698, 204 N.W.2d 706, 710–711 (1972).

■ As an additional guideline it is suggested trial courts should, on proper motion, grant a pretrial hearing for the purpose of eliciting and weighing relevant factors with regard to potential witness impeachment by show of a prior felony conviction. See People v. Wilson, 347 N. Y.S.2d at 340.

■ It may otherwise develop, in course of trial, a Code § 622.17 impeaching

technique is to be employed. In such event, to avoid possible prejudice, a hearing outside the presence of the jury should be held so the judge can weigh and resolve relevant factors regarding admissibility of such credibility related evidence. See Cotton v. Commonwealth, Ky., 454 S.W.2d 698, 701–702.

This does not mean an accused can be compelled to testify in any such nonjury hearing, or that testimonial statements then made by him would be admissible in evidence, on trial, except for purpose of impeachment. See Gordon v. United States, 383 F.2d at 941, and citations. See also Harris v. New York, 401 U.S. 222, 225–226, 91 S.Ct. 643, 645–646, 28 L.Ed.2d 1 (1971).

IX. State also asserts, cross-examination of accused as to the matter of any prior felony conviction was proper since the issue was injected on direct examination of defendant-witness.

■ Signally, the State does not claim defendant failed to preserve error for appellate review. Rather it takes the position there was no error because defense counsel opened the door to cross-examination regarding prior felony convictions. In other words the State maintains that by defendant's direct examination statement to the effect he had been previously convicted of a felony the prosecuting attorney could pursue that subject on cross-examination without limitation as to nature of offenses or times of conviction.

In essence, the State thereby invokes Code § 781.13 which provides:

"When the defendant testifies in his own behalf, he shall be subject to cross-examination as an ordinary witness, but the state shall be strictly confined therein to the matters testified to in the examination in chief."

Noticeably the § 781.13 cross-examination of a witness has never been and is not without some limitations. See State v. Frese, 256 Iowa 289, 292–295, 127 N.W.2d 83 (1964); State v. Leuty, 247 Iowa 251, 257–258, 73 N.W.2d 64 (1955); State v. Knox, 236 Iowa 499, 508, 18 N.W.2d 716 (1945); State v. McCumber, 202 Iowa 1382, 1385, 212 N.W. 137 (1927); State v. Dickson, 200 Iowa 17, 24, 202 N.W. 225 (1925).

Furthermore, both impeachment by show of prior felony conviction and cross-examination on the same subject have one fundamental objective, i. e., to discredit a witness. See Hoffa v. United States, 385 U. S. 293, 311, 87 S.Ct. 408, 418, 17 L.Ed.2d 374 (1966); State v. Hild, 240 Iowa 1119, 1154–1155, 39 N.W.2d 139 (1949); 2 Underhill's Criminal Evidence, § 502 (5th ed.); 58 Am.Jur., Witnesses, § 610; 98 C.J.S. Witnesses § 372.

Manifestly the standard here today adopted does not preclude the State from questioning a witness, including an accused, on cross-examination, per Code § 781.13, regarding any prior felony convictions as to which defense counsel may have "opened the door", or otherwise. Neither is it to be inferred a witness may not be interrogated regarding a prior felony conviction as provided by § 622.17. In fact all such trial inquiries regarding prior convictions are still permitted but appropriately limited by the standard above set forth. See generally State v. Van Voltenburg, 260 Iowa at 208–209, 147 N.W.2d at 874, and citations.

■ It inferentially follows, when timely and appropriate objection is asserted a trial judge should not *pro forma* permit any prior felony conviction of a witness to be evidentially disclosed. Rather, when the issue is appropriately raised the judge must exercise sound judicial discretion in the matter. Such is consistent with the view generally expressed by us regarding admissibility of separate offense evidence in State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972). See also State v. Harrington, 178 N.W.2d 314, 316 (Iowa 1970);

State v. Kelley, 161 N.W.2d 123, 125 (Iowa 1968).

X. In that regard it is self-evident trial court, though here repeatedly urged to do so, did not engage in any factor balancing process, and exercised no discretion whatsoever as to admissibility of the impeaching questions put to defendant on cross-examination.

Moreover, it is to us apparent the evidence resultantly elicited, at least with regard to the prior voluntary manslaughter conviction, did not in any degree relate to truth or honesty. It also unquestionably had a prejudicial effect which substantially outweighed probative relevance to defendant's credibility. And as to the other two convictions, testimonially induced, there is nothing in the record which enables us to determine whether evidence thus elicited was not such as to create an unfair chance of prejudice to defendant. Consequently, prejudicial error and denial of fair trial is evident. See Code § 793.18; State v. Vickroy, 205 N.W.2d 748, 751 (Iowa 1973); State v. Wright, 203 N.W.2d at 250–251; State v. Jensen, 189 N.W.2d 919, 924–925 (Iowa 1971); State v. Masters, 171 N.W.2d 255, 258 (Iowa 1969); cf. Burgett v. State of Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967); State v. Davis, 196 N.W.2d 885, 894 (Iowa 1972); State v. Wright, 191 N. W.2d at 639–640; State v. Wallace, 259 Iowa 765, 771, 145 N.W.2d 615 (1966).

In all fairness it must be conceded that when the cause at hand was tried the standard we today adopt was not, of course, in effect. On the other hand, justice dictates it be instantly applied.

For the reasons set forth above this case must be reversed and remanded for a new trial.

XI. Defendant's remaining assignment will be entertained since the issue thereby raised may arise again on retrial.

█ As heretofore revealed this asserted error focuses upon defendant's unsuc-

cessful effort to present opinion evidence *of a claimed expert.*

After Martin had testified at length regarding his ingestion of narcotics over a period of about 15 years, and particularly on the day of the robbery here charged, Harry Woods was called as a defense witness.

Mr. Woods was then the Polk County Court Services drug specialist. This witness testimonially stated he (1) had a year of training in drug counseling at Still College; (2) served as an instructor for about three months; (3) was the narcotics specialist at Model City's Neighborhood Corrections Agency; and (4) had worked with approximately 300 drug users.

Upon that foundational showing defense counsel attempted to elicit testimony from Woods regarding the effect certain drugs had on people, and the characteristics of addicts. State's objections to most of these questions were sustained on the ground Woods lacked requisite expertise.

Defendant's attorney next asked a series of hypothetical questions designed to reveal whether a person with Martin's history, having assertedly ingested drugs on the robbery date, was under the influence of same at time of the crime; was a constant user; had then voluntarily or involuntarily used drugs; and knew of the offense related events.

State's objections thereto based on lack of proper foundation were sustained. In each instance trial court observed the witness had not been shown competent or qualified to answer the questions.

Defendant made no offer of proof.

As stated in Hedges v. Conder, 166 N. W.2d 844, 857 (Iowa 1969):

"Expert testimony is not admissible unless the witness is shown to be qualified and the facts upon which he bases his opinion are sufficient to enable a witness so qualified to express an opinion which is more than a mere conjec-

ture. Hardwick v. Bublitz, 254 Iowa 1253, 1259, 119 N.W.2d 886, 889.

" 'To warrant the use of expert testimony, * * * two elements are required. First, the subject of the inference must be so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman, and second, the witness must have such skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth. * * *.' "

See also Ganrud v. Smith, 206 N.W.2d 311, 314–315 (Iowa 1973).

It is obvious the questions asked of Woods stood in the specialized field of medico-sociological science. And anyone called upon to testify as an expert in that area must be shown to possess requisite attendant expertise. See 19 Drake L.Rev. 245, 271 (1970).

Although Woods may have qualified to testify regarding drug counseling, the exclusion of his testimony as to the effect of drugs on the human body and mind was not an abuse of discretion by trial court. See Ganrud v. Smith, *supra*.

Further discussion on this subject will serve no useful purpose.

Defendant's assignment of error, last above mentioned, is without merit.

Reversed and remanded for a new trial.

MASON, REES, REYNOLDSON and McCORMICK, JJ., concur.

MOORE, C. J., and UHLENHOPP, LeGRAND and HARRIS, JJ., dissent.

UHLENHOPP, Justice (dissenting).

The Iowa Code provides in § 622.17:

A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof.

When the statute provides that the witness "may" be interrogated regarding conviction of felony, I take it that the discretion on whether or not so to interrogate belongs to the interrogator, not the court.

Whether the statute should be narrowed involves policy considerations pro and con. The legislature enacted the statute as it is and the legislature is the body to narrow the statute if it is to be narrowed, under the legislature's authority to provide a system of practice in the courts. Iowa Const. Art. V, § 14. If we desire to narrow the statute, I think we should proceed under our rule-making authority and report the proposed change to the legislature pursuant to § 684.19 of the Code.

A New Jersey statute provides in N.J.S. A., tit. 2A, § 81–12:

For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter of his conviction of any crime *may* be shown by examination or otherwise, and his answers may be contradicted by other evidence . . . . (Italics added.)

The New Jersey Supreme Court stated in State v. Hawthorne, 49 N.J. 130, 135, 228 A.2d 682, 684:

In the context "may" connotes an authorization, a grant of permission to the parties to civil or criminal actions to show the witness's previous criminal conviction by testimonial examination or by production of the record. Plainly the option was intended to be given to the State and the defendant in a criminal case, and the plaintiff and defendant in a civil case. No time limit was imposed upon admissibility. There is simply the flat and unrestricted statement that the conviction of crime may be shown to affect credibility. The authorization represented a policy decision by the Legislature, and established, as a matter of law, the admissibility of a conviction without

regard to time interval between the conviction and the person's appearance as a witness. Thus, the "may" in the statute does not bespeak a grant of permission or discretion to the trial judge to receive or reject the proof. On the contrary, the parties are invested with the option and if it is exercised the examination must be allowed or the record of conviction received when offered.

A Minnesota statute provides in Minn. S.A. § 595.07:

> Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction *may* be proved for the purpose of affecting the weight of his testimony, either by the record or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry; and the party cross-examining shall not be concluded by his answer thereto. (Italics added.)

The Minnesota Supreme Court held in State v. West, 285 Minn. 188, 196, 197, 173 N.W.2d 468, 473, 474, that under the "plain language" of the statute "the prosecution has a right to cross-examine regarding the facts of conviction, the nature of the offense, and the identity of the defendant." The court further stated:

> The members of this court have noted and given some attention to the recent trend of leaving to the trial court the question of whether the particular conviction raised against defendant as a witness in his own behalf substantially affects his credibility. It is our suggestion, however, that revising § 595.07 to conform to the emerging state law should be left to the legislature. It is not for the courts to make, amend, or change the statutory law, but only to apply it. If its language embodies a definite meaning which involves no absurdity or contradiction, the statute is its own best expositor.

A Missouri statute provides in Mo.Rev. Stat., § 491.050:

> Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction *may* be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer. (Italics added.)

The Missouri Supreme Court stated in State v. Morris, 460 S.W.2d 624, 629 (Mo.), that the State has "an absolute right to show prior convictions solely to affect credibility. If any change therein is to be made, it is up to the General Assembly to do so." See also State v. Busby, 486 S.W. 2d 501 (Mo.) (same).

I would affirm the judgment of the district court.

MOORE, C. J., and LeGRAND and HARRIS, JJ., join this dissent.