STATE of Iowa, Appellee,

v.

William Chester HOUSE, Appellant.

No. 56294.

Supreme Court of Iowa.

Nov. 13, 1974.

Oscar E. Jones, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, William Chester House, was charged, tried, convicted and sentenced for the crime of delivery of a Schedule I controlled substance contrary to what is now designated section 204.401, 1973 Code of Iowa. He has appealed. We affirm.

Defendant assigns five errors for reversal. 1) The trial court erred in overruling his motion for directed verdict at the close of State's evidence. 2) The trial court erred in overruling his motion for directed verdict at the close of all the evidence. 3) The trial court erred in permitting the county attorney to question defendant regarding the number of times defendant had been convicted of a felony. 4) The court erred in submitting the case to the jury because the evidence was not sufficient to sustain a verdict of guilty. 5) The trial court erred in refusing to permit Stanley Creighton to testify regarding defendant's habits.

■ I. Error cannot be predicated on failure to grant a motion for directed verdict made at the close of the State's evidence. State v. Johnson, Iowa, 196 N.W.2d 563, 566; State v. Smith, Iowa, 195 N.W.2d 673, 674; State v. Werner, Iowa, 181 N.W.2d 221, 222. Defendant's first assigned error is untenable.

■ II. Defendant did however renew his motion for directed verdict, at the close of all the evidence, on the ground of insufficient evidence. Assigned errors two and four assert the latter motion should have

been sustained and the evidence was not sufficient to sustain the verdict of guilty. We consider them together.

We have frequently stated the principles of law guiding our review of the question of sufficiency of evidence such as now presented. We view the evidence in the light most favorable to the State and accept all· reasonable inferences tending to support the verdict. If there is any substantial evidence reasonably supporting the charge the cause should be submitted to the jury. It is necessary to consider only the evidence which would support the verdict. State v. Graham, Iowa, 221 N.W.2d 258, 259, 260 and citations.

Our review of the record reveals sufficient evidence to support trial court's denial of directed verdict and to support the verdict.

Des Moines police officer Benjamin Clark Bishop testified that about 4:30 p. m. on June 22, 1972 he went to 1407½ – 27th Street where after some delay and dickering over price, he bought from defendant a lid of marijuana for $15. He had met defendant on one prior occasion but did not know his name. As prearranged with two fellow officers, Bishop turned the material over to them for custody until it was delivered to a State chemist for testing. Testing established it was marijuana. Bishop testified at time of purchase defendant was wearing a white T-shirt, black pants and no shoes. Bishop made an in-court identification of defendant as the person who sold him the marijuana.

We need not detail the evidence further. We find there was substantial evidence of the essential elements of the crime charged and that the trial court did not err in overruling defendant's motion for directed verdict, made at the close of all the evidence or in refusing to set aside the verdict of guilty. It is the task of the fact-finder to resolve questions of fact and assess the credibility of witnesses. State v. Schurman, Iowa, 205 N.W.2d 732, 733.

 III. Defendant's third assignment of error is "the Court erred in permitting the County Attorney to question Defendant regarding the number of times Defendant had been convicted of a felony."

Cross-examination of defendant includes:

"BY MR. VAN SLINGERLANDT: (assistant county attorney)

"Q. Mr. House, have you ever been convicted of a felony? "A. Yes, I have.

"Q. How many times?

"MR. JONES: (defense counsel) Just a moment, I will object to this, your honor, as being incompetent, irrelevant, and immaterial. He's answered the question. He doesn't have any right to go—

"THE COURT: The objection is overruled. You may answer how many times.

"THE WITNESS: Twice—three times.

"BY MR. VAN SLINGERLANDT: Q. You're sure? A. Yes, I'm sure.

"Q. Three times? A. Uh-huh.

"Q. What was that for, Mr. House?

"MR. JONES: Just a moment. Your honor, I'm going to object to this as being completely irrelevant and immaterial.

"THE COURT: The objection is sustained."

We have uniformly held a witness may be impeached by questioning him about the number of previous felony convictions. State v. Dewey, Iowa, 220 N.W.2d 629, 630; State v. Houston, 261 Iowa 1369, 1372, 1373, 158 N.W.2d 158, 160, 161; State v. Van Voltenburg, 260 Iowa 200, 207, 208, 147 N.W.2d 869, 873, 874; State v. Jensen, 245 Iowa 1363, 1367, 66 N.W.2d 480, 482, and citations. We therefore do not agree with defendant's third assignment of error.

Defendant cites but does not argue our holding in State v. Martin, Iowa, 217 N.W.2d 536 where we held impeachment regarding prior felony convictions is limited to those related to truth and veracity and not so remote in time as to be void of any impeaching value. The issues and propositions decided in Martin were not raised in

the lower court. If defendant desired to do so he should have filed a motion in limine accordingly. Also such issues if developed during trial should be submitted to the trial court out of the presence of the jury. State v. Fields, Iowa, 223 N.W.2d 197, (filed November 13, 1974); State v. Martin, supra, Iowa, 217 N.W.2d 536.

IV. Defendant cites no authority in support of his fifth assigned error. We do not consider it as the assignment is deemed waived. State v. Mattingly, Iowa, 220 N.W.2d 865, 871 and citations.

No reversible error is found.

Affirmed.