**STATE of Iowa, Appellee,**

v.

**Leslie R. FIELDS, Appellant.**

**No. 57234.**

Supreme Court of Iowa.

Nov. 13, 1974.
Rehearing Denied Jan. 17, 1975.

Mayer Kanter, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Zigmund Chwirka, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES, and HARRIS, JJ.

HARRIS, Justice.

Defendant's appeal from conviction of breaking and entering challenges the scope of his cross-examination by the county attorney. We affirm because error was not preserved.

Leslie R. Fields (defendant) was convicted of breaking and entering in violation of § 708.8, The Code. The State's evidence revealed defendant, in company with John Flowers, entered the apartment of Arthur Noecker on August 30, 1973. They were looking for a woman acquaintance of defendant. She was not present at the time. Noecker was present and an altercation took place. Flowers took Noecker's billfold containing about $23. A shot was fired at Noecker by one of the intruders. Police were summoned and they shortly apprehended defendant and Flowers at a nearby restaurant.

I. Defendant elected to testify at trial. During cross-examination the county attorney inquired into defendant's prior felony convictions. This inquiry is the subject of defendant's first assignment. Over objection defendant was required to answer he had twice been convicted of a felony.

■ Trial of the case was during January 1974. On April 24, 1974 we filed our opinion in State v. Martin, 217 N.W.2d 536 (Iowa 1974) in which we held a trial court may not allow the State to cross-examine a criminal defendant regarding prior felony convictions except those related to truth and veracity. Our holding in Martin, an interpretation of Code section 622.17, narrowed the allowable scope of inquiry into such prior felony convictions. Prior to Martin the scope of inquiry was not limited to felonies involving dishonesty or false statements. The standard adopted in Martin was expressly held not to be retroactively applicable. We held:

" * * * It will be applied only to (1) the present case; (2) cases in which trial commences on or after the filing of this opinion; and (3) cases tried before the filing of this opinion in which error has been properly preserved, and which (a) are pending on appeal to this court at the time of filing of this opinion, or (b) may be appealed after the filing of this opinion. (Citations)." (Emphasis added). 217 N.W.2d at 542.

In Martin error was preserved:

"Prior to trial defense counsel moved for an order in limine by which the State would be prohibited from making any in-presence-of-jury inquiry of Martin regarding his prior felony convictions, except those related to truth and veracity. This motion was overruled.

"Like objections were interposed as to such evidence at appropriate stages during the trial and again overruled. * * *." State v. Martin, 217 N.W.2d at 538.

No motion in limine was filed in the instant case. No other record was made or offered showing what crimes were involved in defendant's prior convictions. We have no way of determining whether they did or did not involve offenses which related to truth and veracity.

■ In order to preserve error it was incumbent upon defendant, by motion in limine, or by some timely record, to show the nature of the prior felonies. Such a showing is necessary in order for the trial court to make the finding (the danger of unfair prejudice does not outweigh probative value) required of it in State v. Martin, supra, and in order for us to review such holding on appeal. In the absence of some showing as to the nature of the prior felonies a trial court is powerless to make its determination and we are powerless to review it. No error was preserved.

■ II. Elsewhere in his cross-examination of defendant the county attorney inquired quite indiscriminately into defendant's racial heritage as an American Indian, his membership in the American Indian Movement, and into his past treatment for alcoholism. Defendant now claims these matters were wholly irrelevant and prejudi-

cial to his defense. We agree they were irrelevant and the trial court was in similar agreement. The trial court sustained each of defendant's occasional objections to questions touching these matters. The testimony he now complains of was admitted without objection. Error was therefore waived. State v. Boose, 202 N.W.2d 368 (Iowa 1972).

In fairness we should mention defendant was heretofore represented in this cause by counsel other than the one who appears on submission of this appeal.

Affirmed.

All Justices concur except LeGRAND, J., who concurs in the result.