STATE of Iowa, Appellee,

v.

Virgil G. HENNING, Appellant.

No. 58292.

Supreme Court of Iowa.

Feb. 18, 1976.

**784**

Mike Wilson, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Kenneth Whitehead, Jasper County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves two rulings by the trial court in a trial of a charge of delivery of a controlled substance, amphetamine.

The Jasper Assistant County Attorney charged defendant Virgil G. Henning with delivery of amphetamine. Code 1975,

§ 204.401(1)(b). Defendant pleaded not guilty. Upon trial, a jury found him guilty and the trial court passed sentence. Defendant appealed.

Defendant contends here that the trial court erred (1) in admitting testimony regarding the conversation which occurred at the time of the alleged delivery, and (2) in holding the evidence sufficient for submission of the case to the jury.

The testimony regarding delivery was quite extensive. Acting on prior information, undercover officers went to Kellogg, Iowa. Officer Forrest Davenport entered the Ma & Pa Tap there, where he first talked with a waitress, Marcia Allspach, about buying 1000 "crosses." These are amphetamine tablets, called crosses, crossroads, L.A. turnarounds, or speed. The waitress nodded affirmatively and demanded 20 cents apiece for the pills.

Defendant became involved in the conversation when the waitress left to wait on a customer. Officer Davenport testified regarding defendant:

He asked me if I wanted the 1000 crosses. He stated that Marcia was his first cousin and that things were cool there, and he stated the price was 20 cents each. I asked him, "If I bought in larger quantities could I get a cheaper price." He said, "It doesn't make any difference how much you buy, the price is 20 cents apiece." He mentioned the fact that he could get me 5000 right now, but the price would still be 20 cents apiece. Then I asked him about his connection. He mentioned the fact that his connection was in Minnesota. We had some further conversation that he was planning to go to Minnesota to set up a tavern or something like that. I asked then if I could maybe buy larger quantities, and he again mentioned the price of 20 cents. I confronted him maybe I can buy into your connection, pay money and buy into your connection . . . .

While questioning him, asking him about buying into his connection, he stat-

ed, "Do you have enough money to buy into the syndicate?" To this I replied, "No, but I would like to buy in larger quantities and get a cheaper price." He then said, "Do you want the 1000 or do you want more?" I mentioned that, "Well, I will take just the 1000, that is $200.00." I said that if I get burned, which is referring to that they are nothing. A burn is something that they report it is which it isn't. It is not amphetamines. It is not speed. Anyway, I referred to that if I got burned that he just wouldn't see me again . . . .

He stated to just ask anybody in the Newton area and the Kellogg area and they would tell you that Virgil Henning's stuff—and this is when I first learned of his name—is good. He said, "I don't sell bad stuff, it is not good business."

The conversation continued at some length. The officer eventually agreed to buy 1000 crosses from defendant and paid defendant $200 for them, and defendant got the pills and delivered them to the officer.

Subsequent laboratory analysis showed that the pills contained amphetamine, a controlled substance.

■ I. Defendant objects to admission of the portion of the conversation we have quoted. He contends it is irrelevant, or alternatively that any relevance it has is outweighed by its prejudicial nature. The conversation is admissible, however, as part of the transaction under consideration. *State v. Oppedal*, 232 N.W.2d 517 (Iowa); *State v. Guess*, 223 N.W.2d 214 (Iowa); *State v. Drake*, 219 N.W.2d 492, 494 (Iowa) ("The state is always entitled to show what actually happened at the time of the offense. The fact that this may necessarily include recitation of the commission of another crime or other unfavorable circumstance does not render such evidence inadmissible."); *State v. Lyons*, 210 N.W.2d 543, 546 (Iowa) (" 'Let it be said that such acts [are] receivable as "necessary parts of the

proof of an entire deed" or "inseparable elements of the deed", or "concomitant parts of the criminal act", or anything else that carries its own reasoning and definition with it.' ").

Defendant's first assigned error is not tenable.

■ II. Defendant contends that the State did not establish a prima facie case. We view the evidence in the light most favorable to the State. *State v. House*, 223 N.W.2d 195 (Iowa). Review of the record clearly discloses that the State established defendant's guilt of the crime charged by substantial evidence.

The second assigned error is not meritorious.

Affirmed.