STATE of Iowa, Appellee,

v.

Leonard Loyal WILLARD, Appellant.

No. 69528.

Supreme Court of Iowa.

July 18, 1984.

J.R. Norris, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Susan Weller, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON and CARTER, JJ.

McGIVERIN, Justice.

Defendant Leonard Loyal Willard was convicted and sentenced for theft in the second degree in violation of Iowa Code sections 714.1(4) and 714.2(2) (1981). The stolen property over which defendant allegedly exercised control was a wrecker unit, which had been mounted on a one-ton truck. The court of appeals reversed the conviction. On further review, we vacate the court of appeals decision and affirm the district court judgment of conviction.

On appeal from his conviction, defendant challenges: 1) trial court's allowance of questions asked by the State on cross-examination to impeach a defense witness concerning the witness' prior felony conviction; 2) the legality of the seizure of the allegedly stolen property; and 3) the sufficiency of the evidence to support his conviction.

On February 2, 1978, Richard Barnes owned a 1975 Holmes 480 wrecker unit which was mounted on a 1975 Chevrolet one-ton truck. On that date the wrecker and truck were stolen from his place of business near Grinnell.

After substantial investigation by peace officers, defendant was charged by trial information with second-degree theft in violation of sections 714.1(4) and 714.2(2) for exercising possession and control over the wrecker unit.

At trial the owner, Barnes, identified the wrecker unit as his property through various distinctive characteristics rather than through identification numbers, which had been obliterated.

The wrecker was mounted on a 1971 Ford truck when it was seized in 1981 by police from a used vehicle dealership where it had been placed for sale by defendant. He had used it in his towing business. The 1975 Chevrolet truck, which now had a different wrecker unit mounted on it, was found at defendant's residence and also was used in his business. The front vehicle identification number on the Chevrolet truck had been ground off but the confidential vehicle number on the frame showed it to be Barnes' truck.

After conviction by jury and imposition of judgment and sentence, defendant appealed. We transferred the case to the court of appeals, which reversed the conviction on the basis of the first issue raised by defendant.

On the State's application, we granted further review.

I. *Question as to prior felony conviction.* The State contends defendant's claim, that error was committed when the prosecutor was allowed to elicit the nature of a defense witness' prior felony conviction, was not properly preserved for appel-

late review because defendant's objection to such inquiry was "so broad and general as to be almost meaningless."

Willard called Robert Slimmer as a witness and questioned him about the type of wrecker equipment allegedly stolen as well as common attachments to such equipment. During cross-examination by the State, the following exchange took place:

Q. [Prosecutor] Mr. Slimmer, have you ever been convicted of a felony? A. Yes.

Q. And did that involve stolen motor vehicles?

Mr. Mathias: [counsel for defendant] Your honor, we object to the form of the question as going into matters that are not covered by further contravention of Chapter 622.

The court overruled the objection and the witness answered "yes" to the question.

On appeal, defendant has interpreted this objection to mean that the prosecutor's question exceeded the scope of then Iowa Code section 622.17 (1981)[1] dealing with the permissible use of a previous felony conviction to impeach a witness and that it was error to permit such inquiry because the prejudicial impact resulting from such evidence exceeded its probative value.

The State argues: (1) that the objection failed to preserve error on the issue of whether the State may impeach a defense witness in a criminal case by inquiring into the nature of a prior felony conviction; and (2) that the "prejudicial impact vs. probative value" issue raised on appeal requires a specific objection which should have been clearly presented to the trial court in order to preserve the issue for appellate review.

Thus, two separate and distinct questions are raised concerning the sufficiency of the objection for error preservation purposes. First, whether the objection was sufficient to preserve error on the more general issue of whether an inquiry may be made into the nature of a witness' prior felony convic-

tion, and second, whether the objection was sufficient to preserve error on the "prejudicial impact vs. probative value" issue in this particular case.

A. *"Nature" of prior felony conviction.* We assume, without deciding, that the admittedly vague objection preserved error with respect to the first issue— whether it is permissible to inquire into the *nature* of a witness' prior felony conviction for impeachment purposes.

Iowa Code section 622.17 (1981) provided: "A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

The threshold question that must be addressed prior to any inquiry into the "nature" of a witness' prior felony conviction is whether the prior felony conviction is admissible at all.

[F]or the purpose of attacking the credibility of any witness, including an accused under Code § 622.17, evidence that he has been previously convicted of a felony is admissible only if (1) the felony involved dishonesty or false statement, and (2) the judge determines any danger of unfair prejudice does not substantially outweigh the probative value of such prior felony conviction, taking into account such factors as (a) nature of the conviction, (b) its bearing on veracity, (c) its age, and (d) its propensity to improperly influence the minds of the jurors.

*State v. Martin,* 217 N.W.2d 536, 542 (Iowa 1974). *See* Iowa R.Evid. 609(a).

We note that the State's initial question to Slimmer, concerning whether the witness had previously been convicted of a felony, was proper impeachment because a prior conviction for theft is a felony involving "dishonesty or false statement." *State v. Zaehringer,* 325 N.W.2d 754, 756 (Iowa 1982); *State v. Conner,* 241 N.W.2d 447, 455 (Iowa 1976). We address the second prong of the *Martin* test in division I–B

1. Repealed by 1983 Iowa Acts ch. 37, § 7; replaced by Iowa R.Evid. 609(a) (effective July 1, 1983).

dealing with preservation of error on that issue.

Having satisfied this threshold question, we analyze the issue presented in this case concerning the *scope* of the permissive use of a previous felony conviction for impeachment purposes pursuant to the *Martin* test. In other words, having found that it is permissible to attack the credibility of a witness with evidence that he or she has previously been convicted of a felony, how far may such inquiry extend?

We noted in *Gaskill v. Gahman*, 255 Iowa 891, 896, 124 N.W.2d 533, 536 (1963), that the "character of previous felony convictions may be inquired into and identified in examination of a witness." *See also State v. Friend*, 210 Iowa 980, 992, 230 N.W. 425, 431 (1930).

> How far may the cross-examiner go in his inquiries about convictions? He may ask about the name of the crime committed, i.e. ... embezzlement, and the punishment awarded.... And it has been suggested by a few courts that since proof by record is allowable, and the record would show some of these circumstances, the cross-examination should at least be permitted to touch all the facts that the record would.

C. McCormick, *Law of Evidence*, § 43 at p. 88 (2d ed. 1972). We note that Iowa Code section 622.17 permits proof of prior convictions by introduction of the record of the conviction.

> While the impeaching evidence is restricted to the fact of conviction, and cannot show details and incidents of the crime, it may show the name and nature of the crime, and the number of convictions.

98 C.J.S. *Witnesses* § 507(c) (1957).

> In addition to questions concerning the fact of conviction, it is proper to question the witness about the number of previous convictions of the kind which may be used for impeachment purposes ... and to elicit the name or specific kind of offense of which the witness has been convicted, but not the details or circumstances of the former crime or matters not of record.

81 Am.Jur.2d *Witnesses* § 584 (1976).

■ We conclude, therefore, that it is permissible, for impeachment purposes, to inquire into the specific *nature* of a witness' prior felony conviction that is otherwise allowable under the principles stated in *State v. Martin*, 217 N.W.2d at 542, *supra*, provided the probative value of such inquiry is not outweighed by the prejudicial impact to the defendant.

■ B. *Probative value vs. prejudicial impact.* In regard to the second issue as to error preservation, we conclude that the objection failed to preserve error with respect to whether the defendant was unfairly prejudiced by the inquiry into the nature of the defense witness' prior felony conviction. We conclude that defendant's objection at trial, a vague reference to chapter 622, was not sufficiently specific to alert the court to defendant's theory of undue prejudice. *See State v. Christianson*, 337 N.W.2d 502, 504 (Iowa 1983); *State v. Ludwig*, 305 N.W.2d 511, 513 (Iowa 1981); *State v. Mark*, 286 N.W.2d 396, 410 (Iowa 1979).

Thus, Willard's contention that he was unfairly prejudiced by the impeachment of Slimmer, because such cross-examination revealed that Slimmer had been convicted of a felony identical to that which Willard was charged, was not properly preserved for our review.

Accordingly, we conclude that no reversible error occurred as to this assignment.

Finally, we briefly dispose of the last two assignments of error raised by defendant.

II. *Legality of the seizure.* The court of appeals found no merit in defendant's contention that the allegedly stolen property was illegally seized by the State because that contention was not timely raised at trial. We agree with the reasoning and disposition of the court of appeals as to that issue.

■ III. *Sufficiency of the evidence.* Without unduly extending this opinion by further detailing the evidence, we conclude

under the standards set forth in *State v. Blair,* 347 N.W.2d 416, 418–19 (Iowa 1984), and *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981), that substantial evidence exists in the record sufficient to support defendant's conviction for second-degree theft by unlawfully exercising control over the Holmes wrecker unit. We also agree with the disposition of the court of appeals as to that issue.

Because we find no reversible error, we vacate the decision of the court of appeals as to the first issue and affirm the judgment of conviction of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.